```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2025
```

May 27, 2025

**Via ECF**

The Honorable Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  **Esmiralda Konyukhova v. Walgreen Company d/b/a Walgreens,** *et.al.*,  **1:24-cv-04390**

Dear Judge Aaron,

I, Esmiralda Konyukhova, a *pro se* Plaintiff in the above-captioned case, hereby respectfully request leave to file a Third Amended Complaint pursuant to Federal Rules of Civil Procedure 15(a)(2) and an extension of the current deadline of June 11, 2025 by two weeks until June 25, 2025.  Defendants' counsel consents to this extension request on a condition that that their reply is also extended by two weeks.

This is Plaintiff's first request for leave to amend in response to Defendants' motions to dismiss and the first request for a short extension of two weeks in response to Walgreens' arguments of proper service.  This brief extension will allow Plaintiff to complete the amended complaint in a manner responsive to the arguments raised.

Defendant Walgreens has made arguments in ECF No. 100 asserting that the Health & Welfare Plan Committee ("Committee") appointed by Walgreen Co. is a "separate legal entity" from Walgreens.  Walgreens argues repeatedly that the plan administrator is "not" Walgreens, and that, instead, the Health & Welfare Plan Committee is the Plan Administrator.   *See* ECF No. 100, at pp. 2-3.

However, IRS Form 5500 document filed by Walgreens, attached hereto as Exhibit 1, contradicts this claim and clearly identifies Walgreens - *not* the Committee - as the Plan Administrator.  *See* Exhibit 1, p. 2, line 3a.  Specifically, under the plan administrator's name and address, Walgreens answers by checking the box "Same as Plan Sponsor", *i.e.* Walgreen Co. *Id.*  Defendant Walgreens admits that Walgreens Co. is the Plan Sponsor.  *See* ECF 100, p. 3.

Furthermore, in the Summary Plan Description for the Walgreens Company Paid Disability Plan for Salaried Team Members, Pharmacists, and Paraprofessionals, the address for plan administrator and legal service is *the same* as the address for serving summons on Walgreen Co., *i.e.* 108 Wilmot Road, Deerfield, IL 60015.  *See* ECF No. 80, Attachment 1, at p. 28. Moreover, the "Plan Administrator and Agent for Legal Services" is designated as Health & Welfare Plan Committee Walgreen Co. *Id.*

Hon. Stewart D. Aaron
May 27, 2025
Page 2

Additionally, Plaintiff notes that while Walgreens' counsel has asserted in its May 06, 2025 letter to the Court (ECF No. 96) that Walgreens is committed to *cooperating professionally* with all parties, Walgreens has failed to produce requested documents that represent the *complete* Plan under 29 U.S.C. § 1024(b)(4). These documents are directly relevant to the amendments and would facilitate judicial efficiency.

Moreover, in their e-mail correspondence, Walgreens' senior corporate leaders, including its internal counsel, fail to address Plaintiff respectfully by referring to Plaintiff, whom they have not met or spoken to before, casually and dismissively by either first name only or omitting Plaintiff's name entirely. Such conduct is inappropriate and unprofessional and points to Walgreens' clearly dismissive attitude and behavior inconsistent with the standards of any professional conduct, as well as counsel's assertion of its commitment to *cooperate professionally.*

In light of Walgreens' assertions that the Committee is a separate legal entity from the company and should be named separately, Plaintiff seeks leave to amend the complaint to explicitly add the Walgreens Company Paid Disability Plan for Salaried Team Members, Pharmacists, and Paraprofessionals, Walgreens Health and Welfare Plan, and Health & Welfare Plan Committee as defendants.

Plaintiff also seeks leave to clarify each defendant's fiduciary roles under ERISA, and the specific breaches of duty ascribed to each. This amendment is necessary to ensure all proper fiduciaries are before the Court under ERISA and to address factual and legal issues raised by Defendants' filings. The amendment will also clarify the claims asserted under the ADA, NYSHRL, NYCHRL, and Title VII, including the protected activities underlying retaliation claims and refine the applicable statutes of limitations and equitable tolling arguments.

This request is made in good faith to address issues raised by Defendants in their motions, and to clarify the parties and legal theories for a just resolution of this action. Plaintiff respectfully submits that leave to amend should be "freely given when justice so requires" under Rule 15 and that this modest extension would not prejudice Defendants or unduly delay the proceedings. The amendment would promote judicial efficiency and completeness of the record.

Plaintiff continues to act in good faith and seeks only to ensure fairness, transparency, and timely access to documents that are critical to addressing Defendants' claims.

I thank the Court in advance for its consideration of this request.


Respectfully Submitted,

*/s/ Esmiralda Konyukhova*

Esmiralda Konyukhova

*Plaintiff, Pro Se*

c: All counsel of record (via ECF)

Based upon the Court's review of Plaintiff's Letter Motion at ECF No. 101, and in light of Defendants' consent to Plaintiff's request for leave to file a Third Amended Complaint ("TAC"), the request is GRANTED. Plaintiff shall file her TAC no later than June 25, 2025. Defendants shall answer or move with respect to the TAC no later than July 16, 2025. If Defendants seek to file motions to dismiss, no later than July 16, 2025, the parties shall meet and confer and submit a proposed briefing schedule on the upcoming motions. Given the forthcoming TAC, it is hereby ORDERED that the Motions to Dismiss filed at ECF Nos. 76 and 78 are moot. In view of the Motions to Dismiss being rendered moot, Defendant Walgreen Company's request for oral argument in its motion to dismiss (ECF No. 79), and Plaintiff's response in opposition to such request (ECF No. 102), also are moot. The Clerk of Court is respectfully requested to terminate the gavels at ECF Nos. 78, 101 and 102.

SO ORDERED.
Dated: May 28, 2025

*[signature: Stewart D. Aaron]*