UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Esmiralda Konyukhova,<br><br>                                    Plaintiff,<br><br>-against-<br><br>Walgreen Company, et al.,<br><br>                                    Defendants. | 1:24-cv-04390 (VEC) (SDA)<br><br>ORDER |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Still pending before the Court is a motion by Plaintiff Esmiralda Konyukhova ("Plaintiff") "request[ing] that the Court (1) deem service effective as to [Walgreens Company Paid Disability Plan for Salaried Pharmacists and Paraprofessionals (the "Plan")] based on substantial compliance and lack of prejudice, or alternatively, (2) grant Plaintiff leave to cure any technical defect under Federal Rule of Civil Procedure 4(m)." (Pl.'s 4/29/25 Mot., ECF No. 86.)

This action was commenced on June 7, 2024 by Plaintiff filing her Complaint against Defendant Walgreen Company d/b/a Walgreens ("Walgreens"). (Compl., ECF No. 1.) On October 28, 2024, Walgreens moved to dismiss the Complaint. (Walgreens 10/28/24 Mot., ECF No. 15.) On November 18, 2024, Plaintiff filed a First Amended Complaint ("FAC"), in which she added as defendants Sedgwick Claims Management Services ("Sedgwick") and the Plan (FAC, ECF No. 22), thereby mooting Walgreens motion to dismiss. (*See* 11/19/24 Order, ECF No. 23.) On March 10 and 11, 2025, Plaintiff filed a Second Amended Complaint ("SAC"), in which she named as defendants Walgreens, Sedgwick and the Plan. (SAC, ECF Nos. 67 & 68.)[1] On April 25, 2025, Walgreens and Sedgwick separately filed motions seeking to dismiss the SAC. (Walgreens

---

[1] ECF No. 67 is an unredacted version of the SAC, which was filed under seal and ECF No. 68 is a redacted version that was publicly filed.

4/25/25 Mot., ECF No. 78; Sedgwick 4/25/25 Mot., ECF No. 76.) Walgreens noted in its dismissal memorandum that Plaintiff had not requested a summons for the Plan and that the docket did not reflect service on the Plan. (*See* Walgreens 4/25/25 Mem., ECF No. 79, at 1 n.1.)

On April 29, 2025, the Court dismissed the Plan as a defendant without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, because Plaintiff had made no effort to serve the Plan. (4/29/25 Order, ECF No. 84.) On the same day, Plaintiff filed the motion before the Court regarding service on the Plan. (*See* Pl.'s 4/29/25 Mot.)

On May 28, 2025, Plaintiff was granted leave to file a Third Amended Complaint ("TAC"), thereby mooting the motions to dismiss the SAC. (5/28/25 Order, ECF No. 106.) On June 9, 2025, Walgreens agreed to accept service of the TAC on behalf of the Plan. (*See* 6/9/25 Order, ECF No. 122, ¶ 1.)

On June 25, 2025, Plaintiff filed redlined and clean versions of her TAC, in which she added two additional defendants: Walgreen Health and Welfare Plan ("Health and Welfare Plan") and Walgreens Health & Welfare Committee ("Committee"). (TAC, ECF Nos. 125 to 128).[2] IT IS HEREBY ORDERED that, no later than July 11, 2025, Walgreens shall advise Plaintiff if it will agree to accept service on behalf of these newly added defendants. In any event, Plaintiff shall effect service on such defendants no later than August 15, 2025.

IT IS FURTHER ORDERED that, in accordance with the Court's June 9 Order, no later than July 11, 2025, Plaintiff shall serve the summons for the Plan on Walgreens' counsel via email, which shall be deemed good and effective service, and file proof of service to the ECF docket.

---

[2] ECF Nos. 127 and 128 are unredacted versions of the TAC, which were filed under seal and ECF Nos. 125 and 126 are redacted versions that were publicly filed.

By reason of the foregoing, Plaintiff's motion with respect to service on the Plan (ECF No. 86) is DENIED AS MOOT.

**SO ORDERED.**

Dated:   New York, New York
         June 26, 2025

_____
**STEWART D. AARON**
**United States Magistrate Judge**