UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Esmiralda Konyukhova,

                Plaintiff,

-against-

Walgreen Company, et al.,

                Defendants.

1:24-cv-04390 (VEC) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a letter motion filed by Plaintiff on August 19, 2025, requesting that (1) ECF Nos. 1, 16, 22, 24 (Attachment 1), 77 and 79 be sealed, and that (2) the Court require Defendants to redact medical and health-related information concerning Plaintiff and her family in all future filings or otherwise file such materials under seal. (Ltr. Mot., ECF No. 166.) For the reasons stated herein, it is hereby ORDERED that Plaintiff's Letter Motion is DENIED WITHOUT PREJUDICE.

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quotation omitted); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 620-21 (S.D.N.Y. 2011). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quotation omitted). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action[.]" *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). To meet its heavy burden, the moving party "must offer specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014) (quotation omitted).

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id*. (quotation omitted). Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id*. (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id*. (quoting *Amodeo*, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial

2

document, and balance those factors against the weight properly accorded the presumption of access." *Id*.

Having reviewed Plaintiff's Letter Motion, the Court finds that it is not narrowly tailored to serve the interests asserted. Plaintiff seeks to seal entire documents without explanation as to whether a more narrowly tailored solution can remedy her concerns. Accordingly, it is hereby ORDERED that, no later than September 2, 2025, Plaintiff shall file a letter to the ECF docket proposing redactions to specific pages in ECF Nos. 1, 16, 22, 24, 77 and 79 that contain medical and health-related information. If Plaintiff would like for an entire document to be sealed, she shall so indicate and provide an explanation as to why redactions alone would be insufficient to alleviate her concerns.

With respect to future filings made by Defendants of documents containing Plaintiff's and her family's medical or health-related information, the parties shall meet and confer regarding information to be redacted and thereafter shall file any appropriate motion to seal.

**SO ORDERED.**

Dated:   New York, New York
         August 26, 2025

_____
STEWART D. AARON
United States Magistrate Judge

3