```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/27/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Esmiralda Konyukhova,

                Plaintiff,

-against-

Walgreen Company, et al.,

                Defendants.

1:24-cv-04390 (VEC) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Yesterday evening, between 11:00 p.m. and midnight, *pro se* Plaintiff Konyukhova filed five motions to the ECF docket (ECF Nos. 168 to 172). The Court addresses them below:

1. Plaintiff filed a motion for entry of default against Defendants Walgreen Health and Welfare Plan and Walgreens Health & Welfare Plan Committee. (ECF No. 172.) This is not the first time that Plaintiff had sought entry of default against these entities. Plaintiff previously filed motions for default against these entities on August 4, 2025. (ECF Nos. 159 & 161.) These motions were terminated by the Clerk of Court on August 4, 2025 with the following notice on the docket: "the parties are not in default." These entities still are not in default. Pursuant to the Court's prior Order (ECF No. 148), as Plaintiff is aware, all the Defendants are due to file their motions to dismiss the Third Amended Complaint no later than August 29, 2025. Thus, Plaintiff's motion for default (ECF No. 172) is DENIED.

2. There currently is pending before the Court a motion to stay discovery filed by the Walgreens defendants on July 2, 2025. (ECF No. 138.) Plaintiff requested a lengthy extension, until September 9, 2025, to respond to that motion "due to preparation

for and participation in a rigorous professional credential examination scheduled for August." (ECF No. 140.) That request was granted by the Court on July 8, 2025. (ECF No. 142.) On July 22, 2025, the Sedgwick defendants belatedly joined in the Walgreen defendants' motion for a stay of discovery, relying upon the same arguments made by the Walgreen defendants. (ECF No. 150.) On July 25, 2025, Plaintiff filed a motion to strike the Sedgwick defendant's joinder. (ECF No. 151.) Yesterday evening, Plaintiff filed a motion to strike the Walgreen defendants' motion to stay discovery (ECF No. 138.) That motion is DENIED. Plaintiff shall respond to the Walgreens defendants' motion to stay discovery by September 9, 2025, as previously ordered. Also yesterday evening, without waiting for the Court to rule the pending motion to strike the Sedwick defendants' joinder in the motion to stay discovery, Plaintiff filed another motion to strike (ECF No. 168) that is duplicative of the prior motion. The Court hereby DENIES both of Plaintiff's motions to strike. (ECF Nos. 151 & 168.) Certain of the issues upon which discovery is to be taken from the Sedgwick defendants overlap with the issues upon which discovery is to be taken from the Walgreen defendants and thus it is appropriate for the Court to decide the motion to stay with respect to all the Defendants. Plaintiff is not prejudiced by the Sedgwick defendants' belated joinder in the Walgreen defendants' motion since the Sedgwick defendants submitted no new briefing and, in any event, Plaintiff has until September 9 to oppose the motion.

3. Plaintiff filed two documents denominated as motions for sanctions. (ECF Nos. 171 & 172.) Based upon the Court's initial review of these documents, they appear to lack merit since they seek severe sanctions in circumstances where, at best, Defendants'

counsel at times *may* not have timely complied with certain technical, procedural requirements. However, it does not appear to the Court that any of Plaintiff's substantive rights have been affected by the conduct of defense counsel to entitle Plaintiff to the imposition of the severe sanctions sought. At bottom, there is a schedule in place for determination of the forthcoming motions to dismiss Plaintiff's Third Amended Complaint and the pending motions to stay discovery. Accordingly, no later than September 3, 2025, Plaintiff shall advise the Court by letter filed to the ECF docket whether Plaintiff intends to persist in the pending motions for sanctions or will agree to withdraw them. If Plaintiff persists in the pending motions, then Defendants shall respond to the motions, and file any cross-motions for sanctions against Plaintiff, no later than September 30, 2025.

Plaintiff is warned that, should Plaintiff continue to file repetitive and/or frivolous motions, her ECF filing privileges may be revoked.

**SO ORDERED.**

Dated:    New York, New York
          August 27, 2025

_____
STEWART D. AARON
United States Magistrate Judge

3