September 3, 2025

**Via ECF**

The Honorable Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

ENDORSEMENT: Based on the representations made below, Plaintiff's motion for sanctions filed at ECF No. 170 is hereby deemed withdrawn. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 170.

SO ORDERED.
Dated: September 4, 2025
*/s/ Stewart D. Aaron*

**Re: <u>Esmiralda Konyukhova v. Walgreen Company d/b/a Walgreens, *et.al.*, 1:24-cv-04390</u>**

Dear Judge Aaron,

    I, Esmiralda Konyukhova, a *pro se* Plaintiff in the above-captioned case, respectfully submit this letter in response to the Court's Order dated August 27, 2025 directing Plaintiff to advise by September 3, 2025 whether she intends to persist in her pending motion for sanctions.

    Plaintiff hereby withdraws the motion for sanctions and wishes to clarify the circumstances surrounding the filings on August 26, 2025.

1. **Renewed Motion to Strike Sedgwick's Motion to Stay Discovery.**

    Plaintiff renewed the motion to strike Sedgwick's joinder after thirty days passed without a ruling. In researching similar circumstances, Plaintiff located a case in the Southern District of New York where attorneys renewed their motion after no ruling for thirty days, and the Court granted it without treating it as duplicative. Lacking legal expertise, Plaintiff believed in good faith that renewing the motion to strike was consistent with proper procedure, and understood her renewed filing as necessary to preserve the issue, not as duplicative.

2. **Motion to Strike Walgreens' and the Plan's Motion to Stay Discovery.**

    Plaintiff filed a motion to strike Walgreens' and the Plan's motion to stay discovery because it relied solely on the Second Amended Complaint, which was no longer operative, and because Walgreen Health and Welfare Plan and the Committee did not move to stay discovery at all. Plaintiff believed in good faith that striking Walgreens' and Sedgwick's motions would eliminate the need for further briefing on the stay issue.

1

3. **Motion for Entry of Default.**

    Plaintiff also filed a motion for entry of default in good faith. The Clerk's initial notice on August 4, 2025 identified the following deficient docket entry errors: "wrong event type used; parties not in default; documents not filed separately." The notice directed Plaintiff to "RE-FILE" Documents 156 and 155, motions that contained arguments for entry of default. Plaintiff understood this to mean that the filing was procedurally deficient and required separate motion containing arguments for default entry to be filed apart from the notice of default request. Believing a separate motion was required, Plaintiff re-filed, out of diligence, that motion on August 26, 2025.

4. **Timing of Filings.**

    Plaintiff deeply appreciates the Court's granting of a lengthy extension due to Plaintiff's professional examination. However, because of that examination, Plaintiff was unable to finalize the filings until afterward and thus submitted them together at one time. Plaintiff had no intentions to inundate the docket and sincerely apologizes to the Court for clustered submissions.

5. **Good Faith Intent.**

    Plaintiff wishes to assure the Court that none of these filings were intended to be frivolous, repetitive, or burdensome. Rather, they were submitted in good faith, based on Plaintiff's understanding of the applicable rules and examples found in other cases. Plaintiff withdraws the pending motions for sanctions and apologizes to the Court for any confusion or inconvenience caused.

    Plaintiff respectfully requests that the Court not hold these filings against Plaintiff as frivolous, as they were made in good faith based on misunderstanding rather than any intent to burden the Court.

Respectfully Submitted,

*/s/ Esmiralda Konyukhova*

Esmiralda Konyukhova

*Plaintiff, Pro Se*