UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Esmiralda Konyukhova,<br><br>                                  Plaintiff,<br><br>-against-<br><br>Walgreen Company, et al.,<br><br>                                  Defendants. | 1:24-cv-04390 (VEC) (SDA)<br><br>**ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

On August 19, 2025, *pro se* Plaintiff Esmiralda Konyukhova ("Plaintiff") filed a letter motion requesting that (1) ECF Nos. 1, 16, 22, 24 (Attachment 1), 77 and 79 be sealed, and (2) the Court require Defendants to redact medical and health-related information concerning Plaintiff and her family in all future filings or otherwise file such materials under seal. (Ltr. Mot., ECF No. 166.) On August 26, 2025, the Court denied Plaintiff's Letter Motion without prejudice and directed Plaintiff, no later than September 2, 2025, to file a letter to the ECF docket proposing redactions to specific pages in ECF Nos. 1, 16, 22, 24, 77 and 79. (*See* 8/26/25 Order, ECF No. 167.) On September 2, 2025, Plaintiff filed a letter with the proposed redactions. (9/2/25 Ltr., ECF No. 183.) Accordingly, now before the Court is Plaintiff's request that her proposed redactions be made to several pages in the following documents that contain references to Plaintiff's and her family's medical information, which documents previously were filed on the public docket: (1) Plaintiff's Complaint filed by Plaintiff's former counsel on June 7, 2024 (Compl., ECF No. 1); (2) the memorandum of law filed by defendant Walgreen Company d/b/a Walgreens ("Walgreens") in support of its motion to dismiss the Complaint filed on October 28, 2024 (ECF No. 16); (3) Plaintiff's First Amended Complaint ("FAC") filed by Plaintiff's former counsel on November 18,

2024 (ECF No. 22); (4) the redlined version of the FAC filed by Plaintiff's counsel on November 21, 2024 (ECF No. 24-1); (5) the memorandum of law filed by defendant Sedgwick Claims Management Services Inc. ("Sedgwick") in support of its motion to dismiss Plaintiff's Second Amended Complaint ("SAC") and to stay discovery filed on April 25, 2025 (ECF No. 77); (6) Walgreens' memorandum of law in support of its motion to dismiss Plaintiff's SAC filed on April 25, 2025 (ECF No. 79); and (7) Sedgwick's memorandum of law in support of its motion to dismiss Plaintiff's Third Amended Complaint filed on August 29, 2025 and corrected on September 2, 2025 (ECF Nos. 177, 182). (*See* Pl.'s 9/2/25 Ltr. at 1-3.) For the reasons set forth below, Plaintiff's request is DENIED.

The Court carefully has considered the documents and the redaction requests at issue under the standards set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (holding that there is presumption of public access to judicial documents), and its progeny. *Lugosch* requires the Court to first determine whether a filing is a "judicial document;" second, the weight of the presumption of the public's access afforded to the document; and third, the weight of any factors that counsel against public access. *Id*.; *see also Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). At step three, "the presumption of access . . . can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Lugosch*, 435 F.3d at 126.

The redactions that Plaintiff seeks to make are contained in her own pleadings, as well as memoranda in support of motions relating to Plaintiff's pleadings. Thus, at step one, there is no question that the documents at issue are judicial documents entitled to a presumption of public access. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir.

2016) ("We therefore hold that pleadings . . . are Judicial records subject to a presumption of public access."); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 166 (S.D.N.Y. 2018) (documents submitted in support of motion are judicial documents).

At step two, the Court finds that the presumption of public access is entitled to great weight since the documents (*i.e.*, pleadings and motions) pertain to matters that directly affect the Court's adjudicatory function. *See Lugosch*, 435 F.3d at 120-21 (finding "error for the district court to conclude that it could not make any determinations [regarding sealing] until it had ruled on the underlying summary judgment motion" and stating "that documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches").

At step three, the only factor that counsels against public access to the entirety of each of the documents at issue concerns the privacy interests of Plaintiff and Plaintiff's family. (*See* Pl.'s 9/2/25 Ltr. at 1 (Plaintiff stating that documents at issue "contain sensitive personal and medical information concerning Plaintiff and Plaintiff's family"). However, these privacy interests are undermined by the fact that the complete documents have been available on the public docket for several months and, in some cases, over a year. "Where . . . a party seeks to overcome [the] presumption [of public access], it is that party's burden to demonstrate, with more than 'generalized concerns,' that sealing is supported by countervailing interests — that is, that some identifiable harm is likely to occur in the absence of sealing." *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-08188 (JMF), 2019 WL 3034866, at *3 (S.D.N.Y. July 11, 2019) (quoting *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018)). "The failure to act promptly plainly belies any such claim of harm." *Id*.

3

In addition, with respect to ECF Nos. 177 and 182, which were recently filed, the same information Plaintiff seeks to redact in those documents about her medical diagnosis is contained in other documents that have been available on the public docket for many months. Accordingly, the Court denies all of Plaintiff's requests for redaction.

There are two alternative, independent grounds for denying Plaintiff's request. First, the Court finds that Plaintiff simply waited too long to file her sealing motion. *See Fischman*, 2019 WL 3034866, at *2 ("there is ample authority for the proposition that where, as here, a party fails to take immediate steps to request that publicly filed materials be sealed, its request to redact or seal may be denied for that reason" (citing cases)). As a second independent, alternative ground for denying Plaintiff's redaction requests, the Court finds that she waived the right to make such redaction requests, since her counsel publicly filed the information that forms the basis for such requests, and her counsel's actions are binding upon her. *See Hoodho v. Holder*, 558 F.3d 184, 192 (2d Cir. 2009) ("[A] party who 'voluntarily chose [an] attorney as his representative in [an] action . . . cannot . . . avoid the consequences of the acts or omissions of this freely selected agent.'" (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962)).

Finally, the Court addresses Plaintiff's request to "direct Sedgwick to redact [the term still-born] from [ECF Nos. 177 and 182] and refrain from using such terminology in future submissions." (*See* 9/2/25 Ltr. at 3.) In its memorandum of law in support of its motion to dismiss Plaintiff's Third Amended Complaint, Sedwick states the following:

> The Court should dismiss Plaintiff's claims for failure to engage in an interactive process because there is no independent cause of action for such failure under the ADA and NYSHRL. Although such a claim can be brought under the NYCHRL, Plaintiff's claim against Sedgwick is still-born because she admits that Sedgwick engaged in an interactive process.

(ECF Nos. 177 & 182 at 2.)

In the Court's experience, the term "still-born" sometimes is used by advocates in reference to a legal claim to argue that a case or a claim lacks a valid legal foundation. The term also has been used by courts. *See*, *e.g.*, *Murdock v. United States*, No. 10-CR-00159 (GRS), 2014 WL 972083, at *1 (S.D. Ga. Mar. 12, 2014), *report and recommendation adopted*, 2014 WL 1479153 (S.D. Ga. Apr. 15, 2014) ("[Defendant's] 'new evidence' claim is thus still-born."); *Wedemeyer v. Pneudraulics, Inc.*, No. 11-CV-00135 (GRS), 2011 WL 4543193, at *2 (S.D. Ga. Sept. 15, 2011), *aff'd*, 510 F. App'x 875 (11th Cir. 2013) ("In fact, this case appears still-born."); *Bazakos v. Lewis*, 12 N.Y.3d 631, 639 (2009) (Lippman, J. dissenting) ("The cause of action the majority now recognizes for medical malpractice is not only stillborn in this action, but, I will venture, will never possess viability as an actual claim for relief."). While Plaintiff takes issue with use of this term, there is no legal basis to redact it from Sedgwick's filings. Thus, the Court denies Plaintiff's request.

**SO ORDERED.**

Dated:   New York, New York
         September 9, 2025

                                                  _____
                                                  STEWART D. AARON
                                                  United States Magistrate Judge