UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Esmiralda Konyukhova,

                        Plaintiff,

      -against-

Walgreen Company, et al.,

                        Defendants.

1:24-cv-04390 (VEC) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion by *pro se* Plaintiff Esmiralda Konyukhova ("Plaintiff") for reconsideration of the Court's September 9, 2025 Order (ECF No. 191), pursuant to Local Civil Rule 6.3(b) and Federal Rule of Civil Procedure 60(b)(6). (Pl.'s 9/22/25 Mot., ECF No. 194.) For the reasons set forth below, Plaintiff's Motion is GRANTED.

## BACKGROUND

On August 19, 2025, Plaintiff filed a letter motion requesting that (1) ECF Nos. 1, 16, 22, 24 (Attachment 1), 77 and 79 be sealed, and (2) the Court require Defendants to redact medical and health-related information concerning Plaintiff and her family in all future filings or otherwise file such materials under seal. (Ltr. Mot., ECF No. 166.) On August 26, 2025, the Court denied Plaintiff's Letter Motion without prejudice and directed Plaintiff, no later than September 2, 2025, to file a letter to the ECF docket proposing redactions to specific pages in ECF Nos. 1, 16, 22, 24, 77 and 79. (*See* 8/26/25 Order, ECF No. 167.) On September 2, 2025, Plaintiff filed a letter with the proposed redactions, and further requested that the Court permit redactions to ECF Nos. 177 and 182. (9/2/25 Ltr., ECF No. 183.) On September 9, 2025, the Court denied Plaintiff's request for the proposed redactions. (*See* 9/9/25 Order, ECF No. 191.) On September 22, 2025,

Plaintiff filed a motion for reconsideration of the Court's September 9 Order pursuant to Rule Local Civil Rule 6.3(b) and Federal Rule of Civil Procedure 60(b)(6), and an accompanying memorandum of law. (Pl.'s 9/22/25 Mot.; Pl.'s 9/22/25 Mem., ECF No. 195.)

**LEGAL STANDARDS**

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). *See Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, No. 04-CV-03531 (LTS) (SLC), 2023 WL 7167880, at *1 (S.D.N.Y. Oct. 31, 2023), *objections overruled*, 2023 WL 8112804 (S.D.N.Y. Nov. 21, 2023). "The reconsideration standard 'is strict,' and reconsideration is generally only granted upon a showing of 'controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Id.* (quoting *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021)). The decision to grant or deny a motion for reconsideration lies in the sound discretion of the Court. *See City of Birmingham Ret. & Relief Sys. v. Credit Suisse Grp. AG*, No. 17-CV-10014 (LGS), 2019 WL 2136902, at *1 (S.D.N.Y. May 16, 2019) (citations omitted).

**DISCUSSION**

In her memorandum in support of her motion, Plaintiff correctly notes that, prior to filing her Second Amended Complaint ("SAC") and Third Amended Complaint ("TAC"), she requested that her medical and health related information contained in those documents be available only to the parties (and not the public), and the Court granted that relief in Orders dated March 10, 2025 and June 25, 2025. (Pl.'s 9/22/25 Mem. at 8; *see also* Pl.'s 3/10/25 Ltr., ECF No. 65; 3/10/25 Order, ECF No. 66; Pl.'s 6/25/25 Ltr. Mot., ECF No. 123; 6/25/25 Order, ECF No. 124.) The Court, in its September 9 Order, overlooked these prior Orders. Given that much of the same

2

information the Court permitted Plaintiff to redact in her SAC and TAC is the information Plaintiff now seeks to redact in other documents that have been filed on the public docket, it would be inconsistent with the Court's prior decisions in this case not to allow Plaintiff to make her proposed redactions. Additionally, while much of the information Plaintiff seeks to redact has been on the public docket for several months, the Court finds, on reconsideration, that Plaintiff continues to maintain significant privacy rights to her medical information. *See Jin v. Choi*, No. 20-CV-09129 (MKV) (SDA), 2021 WL 3159808, at *1 (S.D.N.Y. June 17, 2021).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion (ECF No. 194) is GRANTED. No later than October 3, 2025, Plaintiff shall file redacted versions of ECF Nos. 1, 16, 22, 24, 77, 79 177 and 182 to the ECF docket.[1]

**SO ORDERED.**

Dated:   New York, New York
         September 25, 2025

_____
STEWART D. AARON
United States Magistrate Judge

---

[1] This is the alternative relief sought by Plaintiff in her memorandum of law. (*See* 9/22/25 Mem. at 9.)

3