UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Esmiralda Konyukhova,<br><br>       Plaintiff,<br><br>-against-<br><br>Walgreen Company, et al.,<br><br>       Defendants. | 1:24-cv-04390 (VEC) (SDA)<br><br>**OPINION AND ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

  Pending before the Court is a motion by Defendants Walgreen Company d/b/a Walgreens ("Walgreens") and Walgreens Company Paid Disability Plan for Salaried Team Members, Pharmacists and Paraprofessionals (the "Plan"), pursuant to Rule 26 of the Federal Rules of Civil Procedure, to stay discovery pending resolution of the motion to dismiss the Third Amended Complaint ("TAC") of *pro se* Plaintiff Esmiralda Konyukhova ("Plaintiff" or "Konyukhova") (Walgreens 7/2/25 Not. of Mot., ECF No. 138), which motion was joined by Sedgwick Claims Management Services, Inc. ("Sedgwick"). (Sedgwick 7/22/25 Ltr. Mot., ECF No. 150.) For the reasons set forth below, the motion to stay discovery is GRANTED.

## BACKGROUND

  On June 7, 2024, this action was commenced by Konyukhova, who was then represented by counsel, Ballon Stoll P.C. ("Ballon Stoll"), against Walgreens, her former employer, alleging "continuing acts of unlawful discrimination, hostile work environment, and retaliation based on Plaintiff's disability" purportedly in violation of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL")

and the Employee Retirement Income Security Act ("ERISA"). (Compl., ECF No. 1,[1] ¶¶ 1, 17, 69.) On November 18, 2024, a First Amended Complaint ("FAC") was filed alleging ADA, NYSHRL, NYCHRL and ERISA claims against Walgreens, and adding as defendants the Plan (Walgreen's paid disability plan) and Sedgwick (the administrator of the Plan). (FAC, ECF No. 22,[2] ¶¶ 1, 19.)

On November 26, 2024, Konyukhova, acting *pro se*, filed a letter requesting that Ballon Stoll be removed from this action. (Pl.'s 11/26/24 Ltr., ECF No. 29.) On December 10, 2024, counsel of record at Ballon Stoll filed a motion to withdraw as Plaintiff's counsel. (12/10/24 Mot. to Withdraw, ECF Nos. 35 (under seal), 40 (publicly filed).) On December 13, 2024, the motion to withdraw was granted. (12/13/24 Order, ECF No. 39.)

On January 28, 2025, this action was referred to the undersigned for general pretrial purposes and to make reports and recommendations regarding dispositive motions. (1/28/25 Order of Ref., ECF No. 59.) Following a conference with the parties, the now *pro se* Plaintiff was given leave to file a Second Amended Complaint ("SAC"), on consent. (2/4/25 Order, ECF No. 61.) On March 10 and 11, 2025, Plaintiff filed her SAC. (SAC, ECF Nos. 67 (under seal), 68 (publicly filed).) The SAC alleges Title VII of the Civil Rights Act of 1964 ("Title VII"), ADA, NYSHRL, NYCHRL and ERISA claims against Walgreens, the Plan and Sedgwick. (SAC ¶¶ 1, 27-37.)

By Order, dated May 28, 2025, the Court granted Plaintiff leave to file her TAC. (5/28/25 Mem. End., ECF No. 106.) On June 25, 2025, Plaintiff filed her TAC. (TAC, ECF Nos. 125 (publicly filed), 127 (under seal).) The TAC, like the SAC, alleges Title VII, ADA, NYSHRL, NYCHRL and ERISA

---

[1] The Complaint filed at ECF No. 1 has been placed under seal. (*See* 9/25/25 Order, ECF No. 196.) A redacted version of the Complaint is filed at ECF No. 201.

[2] The First Amended Complaint filed at ECF No. 22 has been placed under seal. (*See* 9/25/25 Order, ECF No. 196.) A redacted version of the Complaint is filed at ECF No. 203.

claims, and adds as defendants to the ERISA claims Walgreen Health & Welfare Plan (the "Welfare Plan") and Walgreens Health & Welfare Plan Committee (the "Committee"). (TAC ¶¶ 1, 470-544.)

On July 2, 2025, the motion to stay that currently is before the Court was filed. (*See* Walgreens 7/2/25 Not. of Mot.) In the memorandum in support of the motion to stay, Walgreens argues that "[t]he allegations in the [Third Amended Complaint] suggest that Plaintiff will seek broad discovery which will impose an undue burden Defendants[,]" and that "the expected search for documents would be enormously time-consuming and expensive – spanning several distinct management teams, corporate departments, and a ten-year period." (Walgreens 7/2/25 Mem., ECF No. 139, at 9.)

On August 29, 2025, Walgreens, the Plan, the Welfare Plan and the Committee (collectively, the "Walgreens Defendants") filed a motion to dismiss the TAC. (Walgreens 8/29/25 Not. of Mot., ECF No. 178.) On September 2, 2025, Sedgwick filed a motion to dismiss the TAC. (Sedwick 9/2/25 Not. of Mot., ECF No. 181.)

On September 9, 2025, Plaintiff filed her opposition to the motion to stay discovery. (Pl.'s 9/9/25 Opp. Mem., ECF No. 192.) In her opposition memorandum, Plaintiff argues that "Defendants' request to stay discovery on the basis of alleged burden and brea[d]th of Plaintiff's complaint does not justify the extraordinary relief of a full discovery stay[,]" and that "Defendants impermissibly speculate discovery requests to be broad and that Defendants would be required to spend significant amount of time and money to respond to discovery requests." (*Id*. at 23-24.)

On September 21, 2025, this Court entered an Order requiring Plaintiff to file a letter to the ECF docket setting forth the precise discovery requests to which Plaintiff was seeking responses from Defendants prior to the pending motions to dismiss being decided. (9/21/25

Order, ECF No. 193, ¶ 1.) On October 20, 2025, Plaintiff filed a letter identifying over 25 "specific discovery requests[,]" falling into seven categories, which relate to her ERISA claims. (Pl.'s 10/20/25 Ltr., ECF No. 210, at 1-2.)

On November 17, 2025, the Walgreens Defendants filed their reply memorandum in further support of their motion to stay. (Walgreens 11/17/25 Reply, ECF No. 214.) The same day, Sedgwick joined the Walgreen Defendants' reply memorandum. (Sedgwick 11/17/25 Reply, ECF No. 216.) On November 20, 2025, Plaintiff filed a Letter Motion to compel production of documents "as set forth in ECF No. 210" (*i.e.*, her October 20, 2025 letter). (Pl.'s 11/20/25 Ltr. Mot., ECF No. 217.)

Pursuant to the current schedule set by the Court, Plaintiff's opposition to the Defendants' motions to dismiss is due on December 1, 2025. (10/24/25 Order, ECF No. 213.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26(c) allows a court, for "good cause" and in favor of "any person from whom discovery is sought," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "[U]pon a showing of good cause a district court has considerable discretion to stay discovery" pursuant to Rule 26(c). *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation and quotation marks omitted). The burden of showing good cause for the issuance of a protective order falls on the party seeking the order. *See Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. Appx. 504, 505 (2d Cir. 2011). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from

4

stereotyped and conclusory statements." *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006) (citations and quotation marks omitted).

"[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72 (citation omitted). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Id*. (citation omitted). "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, No. 3:13-CV-00509 (VLB), 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014) (citations omitted).

## **DISCUSSION**

The Court in its discretion finds that, in the particular circumstances and posture of this case, after considering the relevant factors, a discovery stay is warranted. The discovery sought by Plaintiff, although currently limited to her ERISA claims, is quite broad. As noted above, Plaintiff identified over 25 discovery requests, falling into seven categories. (Pl.'s 10/20/25 Ltr. at 1-2.) These requests include, for example, "[a]ll communications . . . related to the drafting, design, or amendment of the Plan and its governing documents" and "[a]ny training or guidance materials provided by Walgreens or Sedgwick to employees handling ERISA disability claims." (*See id*.) The Court finds that it would be burdensome on Defendants to respond to the requests identified by Plaintiff.[3]

---

[3] The Court notes Walgreens' arguments that claims for benefits under ERISA typically are adjudicated on the basis of the administrative record (*see* Walgreens 11/17/25 Reply at 2 (citing *Stolarik v. New York*

There will be no prejudice to Plaintiff since, if the case is not dismissed, Plaintiff can obtain relevant and proportional discovery later. Defendants have an ongoing duty to preserve relevant documents.

Finally, the pending motion appears strong in at least certain respects and likely will result in dismissal of at least some of Plaintiff's claims. Specifically, it appears that certain of the ERISA claims are time-barred. (*See* Walgreens 11/17/25 Reply at 4-5 (noting one-year contractual limitations period for claims under ERISA § 502(a)(1)(B) and that denial letters expressly referred to such period); *see id*. (noting two-year statute of limitations for claims under ERISA § 510 claims).) Although Plaintiff currently is not seeking discovery regarding her non-ERISA claims, it appears that many of her other claims also may be time-barred. (*See* Walgreens 8/29/25 Mem., ECF No. 179, at 5-7.)

## CONCLUSION

For the foregoing reasons, the motion to stay discovery (ECF No. 138), as joined by Sedgwick (ECF No. 150 & 216), is GRANTED. Accordingly, Plaintiff's motion to compel production of documents (ECF No. 217) is DENIED; *provided*, *however*, that Defendants shall produce, no later than November 28, 2025, copies of the service agreements that Defendants represented they were willing to produce. (*See* Walgreens 11/17/25 Reply at 3; *see also* Sedgwick 11/17/25 Reply.)

**SO ORDERED.**

---

*Times Co*., 323 F. Supp. 3d 523, 539 (S.D.N.Y. 2018)), and that Plaintiff has confirmed that she has in her possession the administrative claim file. (*See id*. at 3.) The Court is not deciding at this time the appropriate scope of discovery relating to Plaintiff's ERISA claims.

Dated: New York, New York
November 21, 2025

_____
**STEWART D. AARON**
**United States Magistrate Judge**