January 6, 2025

**Via ECF**

The Honorable Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Application GRANTED. Because Plaintiff is preparing her opposition with a computer, unless prior permission from the Court has been granted, Plaintiff is allowed 8,750 words for her opposition memorandum (which is the equivalent of 25 pages). (*See* Court's Individual Practices ¶ III.B.) The Court hereby grants Plaintiff an additional 4,550 words (*i.e.*, the equivalent of an additional 13 pages) for her opposition memorandum.

SO ORDERED.
Dated: January 6, 2026

Re:  **Esmiralda Konyukhova v. Walgreen Company d/b/a Walgreens,** *et.al.*,  **1:24-cv-04390**

Dear Judge Aaron,

I, Esmiralda Konyukhova, a *pro se* Plaintiff in the above-captioned case, hereby respectfully request a modest extension of the page limit for my opposition to Defendants' motions to dismiss.

Defendants' motions contain numerous misstatements of facts, omissions of material allegations, and misrepresentations of the allegations in the operative Third Amended Complaint. As a result, I must devote substantial space not merely to legal argument, but to correcting the factual record and addressing assertions that are demonstrably inaccurate or incomplete. I seek additional pages to ensure that the Court is presented with an accurate and complete account of the record. Defendants' own briefing necessitates this additional response.

In addition, Defendants challenge multiple ERISA claims, each governed by distinct legal standards. Defendants further assert affirmative defenses based on statutes of limitations, exhaustion, fiduciary status, proper defendants, and the scope of equitable relief—each of which requires separate, detailed, claim-by-claim analysis.

In particular, Defendants' highly technical ERISA arguments, include but not limited to:

1. ERISA § 502(a)(1)(B) claims, including exhaustion, timeliness, standard of review, and plan interpretation;
2. ERISA § 502(a)(3) claims for equitable relief, including Defendants' assertions that Plaintiff's requested remedies (reinstatement, surcharge, back pay, and front pay in lieu of reinstatement) are not equitable as a matter of law;
3. ERISA § 510 interference and retaliation claims, including statute-of-limitations arguments tied to multiple alleged adverse actions;
4. Fiduciary-status arguments and challenges to the sufficiency of pleading fiduciary breaches;
5. Arguments based on multiple plan documents, including the wrap plan, underlying benefit plans, and third-party service agreements.

Responding adequately within the existing page limit would require to either forgo addressing certain inaccuracies or compress complex factual corrections in a manner that risks confusion. Compressing the opposition into 25 pages would materially impair my ability to respond fully and accurately to Defendants' legal positions and could risk underdeveloped arguments in an area of law that is already complex and highly technical.

Accordingly, I respectfully request an extension of [10 / 15] pages, which is narrowly tailored to address Defendants' misstatements and omissions and will materially assist the Court in resolving the pending motions.

I thank the Court in advance for its consideration of this request.

Respectfully Submitted,

*/s/  Esmiralda Konyukhova*

Esmiralda Konyukhova

*Plaintiff*