**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Esmiralda Konyukhova,** | |
| **Plaintiff,** | **1:24-cv-04390 (VEC) (SDA)** |
| **-against-** | **REPORT AND RECOMMENDATION** |
| **Walgreen Company, et al.,** | |
| **Defendants.** | |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE VALERIE E. CAPRONI, UNITED STATES DISTRICT JUDGE:**

Pending before the Court are (1) a motion by Defendants Walgreen Company d/b/a Walgreens ("Walgreens"), Walgreens Company Paid Disability Plan for Salaried Team Members, Pharmacists and Paraprofessionals (the "Plan"), Walgreen Health and Welfare Plan (the "Welfare Plan") and Walgreens Health & Welfare Plan Committee (the "Welfare Plan Committee") (collectively, the "Walgreens Defendants"), pursuant to Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Third Amended Complaint ("TAC") of Plaintiff Esmiralda Konyukhova ("Plaintiff" or "Konyukhova") (Walgreens 8/29/25 Not. of Mot., ECF No. 178); and (2) a motion by Sedgwick Claims Management Services, Inc. ("Sedgwick"),[1] pursuant to Rule 12(b)(6), to dismiss the TAC. (Sedgwick 9/2/25 Not. of Mot., ECF No. 181.)

For the reasons set forth below, it is respectfully recommended that Defendants' motions be GRANTED IN PART and DENIED IN PART.

---

[1] The Walgreens Defendants and Sedgwick collectively are referred to herein as "Defendants."

## FACTUAL BACKGROUND[2]

### I.    Konyukhova's Employment At Walgreens

Konyukhova is a licensed, registered pharmacist in the State of New York. (TAC, ECF Nos. 125 (publicly filed), 127 & 128 (under seal), ¶ 42.) She began her employment with Walgreens on April 15, 2010, as a full-time staff pharmacist. (*Id*.)

In January 2014, Katie Teplitskaya ("Teplitskaya"), who was pharmacy manager at Walgreens Store 14272, and Brian Strong ("Strong"), who was district manager, denied Konyukhova's requests for adjustments to her work schedule so that Konyukhova could care for her disabled parents. (TAC ¶¶ 44-58.) Thereafter, Teplitskaya began harassing Konyukhova and setting unrealistic work expectations for her, including the time for her to fill a prescription. (*Id*. ¶¶ 59-62.) In addition, Teplitskaya complained to Strong about Konyukhova, and Strong condoned and participated in Teplitskaya's attacks against Konyukhova. (*Id*. ¶¶ 63-66.) Moreover, Konyukhova repeatedly was told by Strong and Teplitskaya to work part-time or resign. (*See id*. ¶¶ 58, 62, 67.)

In early 2015, Konyukhova was granted Family and Medical Leave Act ("FMLA") maternity leave and was granted six-weeks of pregnancy-related disability benefits but was denied an extension. (TAC ¶¶ 67-69.) After Konyukhova returned from maternity leave in March 2015, Teplitskaya and a new district manager, Narendra Patel, harassed Konyukhova and pressured her

---

[2] For purposes of the pending motion to dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all reasonable inferences in Plaintiff's favor. *See City of Providence v. Bats Glob. Mkts., Inc.*, 878 F.3d 36, 48 (2d Cir. 2017). The Court also considers the facts sets forth in Plaintiff's opposition memoranda. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.").

to increase sales. (*Id*. ¶¶ 69-70, 73-74.) On numerous occasions in 2016 and 2017, Konyukhova was passed over for promotions. (*Id*. ¶¶ 75-76, 82, 91, 96, 99, 101, 104.) In early 2017, she was demoted to a floater position. (*Id*. ¶ 103.)

In June 2017, Konyukhova learned that she was pregnant. (TAC ¶ 107.) On or around July 6, 2017, after several months of floating, she was placed in a permanent staff position at Walgreens Store 14181. (*Id*. ¶ 108.) Later in 2017, Konyukhova was granted a three-month FMLA pregnancy-related disability leave (*i.e*., from August 2017 to October 2017). (*Id*. ¶ 111.) In December 2017, she received what she asserts was a baseless negative performance review. (*Id*. ¶ 112.) In January 2018, Konyukhova filed complaints with the Walgreens human resources department and with the Director of Pharmacy and Retail Operations about her negative performance review. (*Id*. ¶¶ 124-25.)

Between January and May 2018, Konyukhova was granted another disability-related leave which transitioned into an approved FMLA leave. (TAC ¶¶ 126.) Upon her return in May 2018, Konyukhova's negative performance review was removed. (*Id*. ¶ 132.) In addition, her request to transfer to a different district was granted. (*Id*. ¶¶ 132-33.) Konyukhova contends that she was harassed in the new district for requesting and taking leaves. (*Id*. ¶¶ 135-38.)

In early 2019, Konyukhova was granted a one-month period of disability leave. (TAC ¶ 137.) She thereafter was granted intermittent paid state family leave ("SFL"). (*See id*. ¶ 144.) On November 7, 2019, Konyukhova's Store 14487 permanently closed and she was demoted to a floater position. (*Id*. ¶¶ 140-41.) During the period from December 2019 to March 2020, her requests for a promotion were denied. (*Id*. ¶ 145.)

On March 24, 2020, Konyukhova was granted leave, pursuant to Walgreens' COVID-19 company leave of absence program, until August 31, 2021. (TAC ¶¶ 148-49.) When that leave ended, although her request initially was denied, Konyukhova was approved for paid SFL from September 1, 2021 through November 23, 2021. (*Id*. ¶ 154.)

On November 11, 2021, while she still was on leave, Konyukhova received what she asserts was a baseless negative performance review (receiving ratings of 1 out of a possible 5). (TAC ¶¶ 154, 162.) The review covered the period from September 1, 2020 to August 31, 2021, which was a period when she was on approved COVID-19 leave. (*Id*. ¶ 162.) This negative review affected Konyukhova's terms and conditions of employment because a rating below 3 out of 5 rendered her ineligible for annual bonuses, promotions and transfers. (*Id*. ¶ 164.)

Konyukhova contends that she became disabled in November 2021. (TAC ¶ 3.) She applied for disability benefits and leave, and disclosed a new disability on November 23, 2021, *i.e.*, the day her SFL ended. (*Id*. ¶¶ 167-68.) Konyukhova thereafter was granted unpaid leave between November 24, 2021 and December 31, 2021. (*Id*. ¶ 212.) In January 2022, she requested three more months of unpaid medical leave. (*Id*. ¶ 252.) On February 14, 2022, Plaintiff was told the request could not be accommodated. (*Id*. ¶ 270.) On February 17, 2022, Walgreens terminated her with an effective date of December 31, 2021. (*Id*. ¶ 314 & Ex. 2 to TAC, ECF No. 125-2.)

## II.     Konyukhova's Application For Short-Term Disability Benefits

Walgreens offered its employees short-term and long-term disability benefits under the Walgreens Company-Paid Disability Plan, a benefit component of the Plan. (TAC ¶ 185.) Sedgwick was the Claims Administrator for the disability plan. (*Id*. ¶ 189.)

On November 23, 2021, Konyukhova applied to Sedgwick for short-term disability benefits. (TAC ¶ 200.) On January 6, 2022, Sedgwick denied her claim for disability benefits, stating that she was ineligible under the Plan. (*Id*. ¶ 217) Konyukhova appealed that decision. (*Id*. ¶ 510.) On February 17, 2022, her first level of appeal was denied (and, as noted above, Walgreens terminated her employment). (*Id*. ¶¶ 297, 314, 511-12.) Konyukhova appealed again, and on November 2, 2022, her request for benefits was granted.[3] (*Id*. ¶¶ 219, 421.) She received her benefits in December 2022. (*Id*. ¶ 424.)

### III.    **Konyukhova's Federal And State Agency Filings**

On December 9, 2022, Konyukhova filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging discrimination and retaliation based on disability. (TAC ¶ 16.) In the Charge, she contended that she was discriminated and retaliated against based on disability.[4] (*See* Hale 8/29/25 Decl. Ex. A., ECF 180-1, at PDF pp. 5-6.)

On February 16, 2023, Konyukhova filed a Complaint with the New York State Division of Human Rights ("SDHR"). (TAC ¶ 17.) The SDHR Complaint alleged that Konyukhova was discriminated against due to "familial status" and reiterated allegations that she was discrimination and retaliated against based on disability. (*See* Hale 8/29/25 Decl. Ex. B, ECF No. 180-2, at PDF p. 2.)

---

[3] Konyukhova's medical leave, however, was not approved since Walgreens already had terminated her employment effective December 31, 2021. (TAC ¶ 421.)

[4] It is appropriate for the Court to consider the EEOC charge (as well as the state agency filings described in the following paragraph of the text) in the context of the pending motions to dismiss since they are expressly referred to in the TAC and are integral to the TAC. *See Chambers v. Time Warner*, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

On March 11, 2024, the EEOC issued Konyukhova a Right-to-Sue letter. (TAC ¶ 18.) On June 3, 2024, at her request, Konyukhova received a notice of dismissal for administrative convenience from the SDHR. (*Id*. ¶ 19.)

**PROCEDURAL HISTORY**

On June 7, 2024, Konyukhova, who then was represented by counsel, Ballon Stoll P.C. ("Ballon Stoll"), commenced this action against Walgreens alleging "continuing acts of unlawful discrimination, hostile work environment, and retaliation based on Plaintiff's disability," purportedly in violation of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL") and the Employee Retirement Income Security Act ("ERISA"). (*See* Compl., ECF No. 1.[5]) On November 18, 2024, Konyukhova filed a First Amended Complaint ("FAC") asserting ADA, NYSHRL, NYCHRL and ERISA claims against Walgreens, and adding as defendants the Plan and Sedgwick. (FAC, ECF No. 22,[6] ¶¶ 1, 19.)

On November 26, 2024, Konyukhova, acting *pro se*, filed a letter requesting that Ballon Stoll be removed from this action. (Pl.'s 11/26/24 Ltr., ECF No. 29.) On December 10, 2024, counsel of record at Ballon Stoll filed a motion to withdraw as Plaintiff's counsel. (12/10/24 Mot. to Withdraw, ECF Nos. 35 (under seal), 40 (publicly filed).) On December 13, 2024, the Court granted the motion to withdraw. (12/13/24 Order, ECF No. 39.)

---

[5] The Complaint filed at ECF No. 1 has been placed under seal. (*See* 9/25/25 Order, ECF No. 196.) A redacted version of the Complaint is filed at ECF No. 201.

[6] The FAC filed at ECF No. 22 has been placed under seal. (*See* 9/25/25 Order, ECF No. 196.) A redacted version of the FAC is filed at ECF No. 203.

On January 28, 2025, this action was referred to the undersigned for general pretrial purposes and to make reports and recommendations regarding dispositive motions. (1/28/25 Order of Ref., ECF No. 59.) Following a conference with the parties, the Court granted Konyukhova, now *pro se*, leave to file a Second Amended Complaint ("SAC"), on consent. (2/4/25 Order, ECF No. 61.) On March 10 and 11, 2025, Plaintiff filed her SAC. (SAC, ECF Nos. 67 (under seal), 68 (publicly filed).) The SAC alleges claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as ADA, NYSHRL, NYCHRL and ERISA claims against Walgreens, the Plan and Sedgwick. (SAC ¶¶ 1, 27-37.)

By Order, dated May 28, 2025, the Court granted Plaintiff leave to file her TAC. (5/28/25 Mem. End., ECF No. 106.) On June 25, 2025, Plaintiff filed her TAC. (*See* TAC.) The TAC, like the SAC, alleges claims under Title VII, ADA, NYSHRL, NYCHRL and ERISA, and adds the Welfare Plan and the Welfare Plan Committee as defendants to the ERISA claims. (*Id*. ¶¶ 1, 470-544.)

On August 29, 2025, the Walgreens Defendants filed their motion to dismiss the TAC (*see* Walgreens 8/29/25 Not. of Mot.) and on September 2, 2025, Sedgwick filed its motion to dismiss the TAC. (*See* Sedgwick 9/2/25 Not. of Mot.) On January 12, 2026, Plaintiff filed memoranda in opposition to both motions. (Pl.'s 1/12/26 Walgreens Opp. Mem., ECF No. 233; Pl.'s 1/12/26 Sedgwick Opp. Mem., ECF No. 234.) On January 30, 2026, Defendants filed their reply memoranda. (Walgreens 1/30/26 Reply, ECF No. 236; Sedgwick 1/30/26 Reply, ECF No. 237.)

**DISCUSSION**

The Walgreens Defendants move to dismiss the TAC under Rule 8 of the Federal Rules of Civil Procedure and to dismiss the claims asserted against them under Rule 12(b)(6) (*see* Walgreens 8/29/25 Not. of Mot.), and Sedgwick moves to dismiss the claims asserted against it

in the TAC under Rule 12(b)(6). (*See* Sedgwick 9/2/25 Not. of Mot.) The Court first will address

the Walgreens Defendants' motion under Rule 8 before turning to the issue of whether the TAC

fails to state any claims against the Walgreens Defendants and/or Sedgwick. *See* Fed. R. Civ. P.

12(b)(6).

## I.    Rule 8 Motion

### A.    Legal Standards

Rule 8(a) of the Federal Rules of Civil Procedure enumerates specific requirements for

pleadings, including that:

> A pleading that states a claim for relief must contain: (1) a short and plain
> statement of the grounds for the court's jurisdiction, unless the court already has
> jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain
> statement of the claim showing that the pleader is entitled to relief; and (3) a
> demand for the relief sought, which may include relief in the alternative or
> different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). In addition, Rule 8(d) provides that "[e]ach allegation must be simple,

concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007); *Ercole v. Wilkie*, No. 19-CV-11961 (VSB), 2023 WL 6812300, at *3 (S.D.N.Y. Oct.

16, 2023) ("Rule 8 reflects the principle that a pleading should give the adverse party fair notice

of the claim asserted so as to enable him to answer and prepare for trial." (citation and quotation

marks omitted)). "[T]he sufficiency of a complaint is a matter of law that the district court is

capable of determining based on its own reading of the pleading and knowledge of the law."

*Williams v. Jodice*, No. 22-CV-09699 (CS), 2024 WL 3237920, at *2 (S.D.N.Y. June 27, 2024) (citing

*Goldberg v. Danaher*, 599 F.3d 181, 184 (2d Cir. 2010)). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial [pursuant to Rule 12(f)] or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). However, dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id*.

A *pro se* plaintiff's submissions are construed "liberally and interpreted to raise the strongest arguments that they suggest." *Reyes v. City of New York*, No. 23-CV-01145 (DEH), 2024 WL 3027985, at *1 (S.D.N.Y. June 14, 2024) (citing *Saeli v. Chautauqua County*, 36 F.4th 445, 457 (2d Cir. 2022)). "[T]he 'special solicitude' in *pro se* cases, . . . has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8[.]" *Acevedo v. City of New York*, No. 24-CV-00558 (GHW), 2024 WL 3345936, at *1 (S.D.N.Y. July 8, 2024) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)). "Rule 8 applies to all litigants, including those proceeding *pro se*." *Shamilov v. City of New York*, No. 20-CV-10224 (LTS), 2024 WL 708193, at *4 (S.D.N.Y. Feb. 21, 2024) (citation omitted); *see also Crichlow v. Annucci*, No. 18-CV-03222 (PMH), 2021 WL 3146241, at *2 (S.D.N.Y. July 23, 2021) ("All litigants, even *pro se* litigants, must comply with Rule 8(a)." (citation and footnote omitted)).

B.    **Analysis**

The Walgreens Defendants argue that "[t]he TAC flagrantly violates Rule 8[,]" stating that the TAC "spans 110 pages, 665 paragraphs, and is an incoherent, repetitive, and disorganized account of Plaintiff's decade-long employment history." (Walgreens 8/29/25 Mem., ECF No. 179,

9

at 4-5.) Plaintiff disagrees and argues that the TAC provides the Defendants with fair notice of the claims against them. (*See* Pl.'s 1/12/26 Walgreens Opp. Mem. at 5-8.)

A review of the TAC reflects that it is neither "short" nor "plain" as required by Rule 8(a). However, the Court is able to discern from the TAC the allegations made with respect to each of Plaintiff's claims and, as such, recommends that the Walgreens Defendants' Rule 8 motion be denied. *See Santiago v. Butler Co.*, No. 08-CV-01297 (CSH), 2012 WL 527699, at *6 (D. Conn. Feb. 17, 2012) ("The court is not permitted to impose a sanction as drastic as a judgment of dismissal would be to force legally artistic pleading, but must look beyond the mere mountain of words to the meaning sought to be conveyed." (cleaned up) (citation omitted)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Plaintiff is cautioned, however, that—if this Court's recommendations below to dismiss certain of the claims contained in the TAC are adopted, and if Plaintiff is given further leave to amend—any future pleading must strictly comply with the requirements of Rule 8 in order to minimize the burden placed on the Defendants and the Court in addressing the sufficiency of the TAC, based on its length and prolixity.[7]

## II.    Rule 12(b)(6) Motions

### A.    Rule 12(b)(6) Legal Standards

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S.

---

[7] The Court declines Plaintiff's invitation to provide to her a "specific page limit or 'red line' the Court would consider appropriate for an amended pleading." (*See* Pl.'s Walgreens 1/12/26 Opp. at 8.)

at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In deciding a motion to dismiss, the Court "must accept as true all of the allegations contained in a complaint[,]" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). "Determining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

Where, as here, a plaintiff is proceeding *pro se*, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Complaints filed by *pro se* litigants "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (cleaned up) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Nevertheless, a *pro se* plaintiff "must still plead enough facts to state a claim to relief that is plausible on its face." *Owens v. City of New York*, No. 14-CV-00966 (KBF), 2015 WL 715841, at *1 (S.D.N.Y. Feb. 19, 2015) (citing *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). Moreover, *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. N.Y. State Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

11

**B.**      <u>**Count I: ERISA § 502(a)(1)(B)**</u>

In Count I of the TAC, Plaintiff asserts a claim against the Walgreens Defendants and Sedgwick under ERISA § 502(a)(1)(B) regarding the delayed payment of benefits to her. (TAC ¶¶ 469-74.) Plaintiff initially applied for short-term disability benefits on November 23, 2021. (*Id.* ¶ 200.) Later, after her claim for disability benefits was denied twice, her claim eventually was granted, and it was not until December 2022 that she received her benefits. (*Id.* ¶¶ 217, 219, 297, 314, 421, 424, 511-12.) In Count I, Plaintiff seeks "a declaration that Plaintiff is entitled to interest on all benefits wrongfully withheld from Plaintiff under the Plan and delayed" and an "award [of] late payment [of] interest on benefits, which were improperly withheld . . .." (*Id.* ¶ 474.)

Defendants argue that Count I is barred by the one-year limitations period set forth in the Plan documents and, in any event, Count I should be dismissed for failure to state a claim. (*See* Walgreens 8/29/25 Mem. at 17-19; Walgreens 1/30/26 Reply at 8-9; Sedgwick 9/2/25 Mem., ECF No. 182,[8] at 2, 14-15; Sedgwick 1/30/26 Reply, at 1-3, 8.)

**1.**      <u>**Legal Standards**</u>

ERISA § 502(a)(1)(B) permits "a civil action" by "a participant or beneficiary" "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C.A. § 1132(a)(1)(B). ERISA does not prescribe a specific statute of limitations for actions brought under Section 502 to recover benefits due under a plan. *See Burke v. PriceWaterHouseCoopers LLP Long*

---

[8] The Sedgwick memorandum filed at ECF No. 182 has been placed under seal. (*See* 9/25/25 Order, ECF No. 196.) A redacted version of the memorandum is filed at ECF No. 208.

*Term Disability Plan*, 572 F.3d 76, 78 (2d Cir. 2009). The Supreme Court has held that, absent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, unless it is unreasonably short. *See Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105-06 (2013).

### 2. Analysis

The Court agrees with Defendants that Plaintiff's ERISA § 502(a)(1)(b) claim is time-barred.[9] The Summary Plan Description ("SPD") for the Walgreens disability plan provides as follows with respect to when a legal action must be commenced:

> The authority granted to the Claims Administrator and the Plan Administrator to construe and interpret the Plan and make benefit determinations, including claims and appeals determinations, shall be exercised by them (or persons acting under their supervision) as they deem appropriate in their sole discretion. Benefits under this Plan will be paid or provided to you only if the Claims Administrator or the Plan Administrator, as the case may be, decides in its discretion that you are entitled to them. All such benefit determinations shall be final and binding on all persons, except to the limited extent to which the Claims Administrator's decisions are subject to further review by the Plan Administrator. You must first utilize the claim and first-level appeal rights described above before you may properly assert any claims in court. If you fully exhaust these rights, but remain dissatisfied with the outcome of your appeal, you may challenge the decision in an ERISA Section 502(a) benefit claim. No such legal action may be commenced more than one year, or later if required by state or federal law, after (i) the date you are informed of the decision on the final level of appeal you choose to pursue, or (ii) the date you are informed of the last claim decision if you attempt to file legal action without utilizing all of the required claim and appeal rights.

(SPD, TAC Ex. 5, ECF No. 125-5, at 20.)

Plaintiff received notice of the final outcome of her appeal in November 2022. (TAC ¶ 219.) Plaintiff did not make a claim for interest on the delayed benefits payments until she

---

[9] "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014).

asserted her § 502 claims in the SAC that she filed on March 10, 2025, over two years later. (*See* SAC ¶¶ 417-39.)

Because there is no controlling statute to the contrary, the Plan's limitations period governs, so long as it is not unreasonably short. *See Heimeshoff*, 571 U.S. at 105-06. The Second Circuit has found that a one-year limitations period, like the one contained in the Plan in this case, is not unreasonably short. *See Spillane v. New York City Dist. Council of Carpenters*, No. 23-247, 2024 WL 221816, at *2 (2d Cir. Jan. 22, 2024) ("A [plan's] one-year limitations period from the conclusion of internal review is reasonable and enforceable."); *see also Fitzsimons v. New York City Dist. Council of Carpenters & Joiners of Am.*, 21-CV-11151 (AT), 2023 WL 3061852, at *4 (S.D.N.Y. Apr. 24, 2023), *aff'd*, No. 23-815, 2024 WL 221550 (2d Cir. Jan. 22, 2024) (dismissing § 502(a)(1)(B) claim filed after plan's 365-day limitation period).

Plaintiff argues that the one-year limitations period cannot be enforced because she was not provided proper notice. (Pl.'s 1/12/26 Walgreens Opp. Mem. at 28-29; Pl.'s 1/12/26 Sedgwick Opp. Mem. at 3-5.) Applicable U.S. Department of Labor regulations require a plan administrator to provide "written or electronic notification" of any adverse benefit determination setting forth, as relevant here, "[a] description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of [ERISA.]" 29 C.F.R. § 2560.503-1(g)(1); *see also Popovchak v. UnitedHealth Grp. Inc.*, 692 F. Supp. 3d 392, 406 n. 17 (S.D.N.Y. 2023) (finding that the phrase "the plan's review procedures" encompasses ERISA lawsuits in addition to administrative procedures).

Here, the February 21, 2022 denial letter included the following language:

No such legal action may be commenced more than one year, or later if required by state or federal law, after (i) the date you are informed of the decision on the

final level of appeal you choose to pursue, or (ii) the date you are informed of the last claim decision if you attempt to file legal action without utilizing all of the required claim and appeal rights.

(2/21/22 Denial Ltr., Hale 11/17/25 Decl. Ex. A, ECF No. 215, at PDF p. 5.) This language is taken verbatim from the Plan, albeit without the preceding sentence that specifically mentions § 502(a), making use of the word "such" misplaced. Nonetheless, the denial letter goes on to state: "If you choose not to pursue an optional second-level appeal, this means that your deadline for commencing legal action is February 20, 2023." (*Id*.) Although the letter does not specifically mention § 502(a), the Court finds that the notice substantially complies with the regulatory requirements such that the statute of limitations contained within the plan is triggered. *Cf. Popovchak*, 692 F. Supp. 3d at 406 (quoting *Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 107-08 (2d Cir. 2003) ("A written notice of denial that 'fails to substantially comply with these requirements does not trigger a time bar contained within the plan.'")). Accordingly, Plaintiff's ERISA § 502(a)(1) claim is time-barred, and it is recommended that Defendants' motions to dismiss Count I be granted.[10]

### C.    Count II: ERISA § 502(a)(3)

In Count II of the TAC, Plaintiff asserts claims against the Walgreens Defendants and Sedgwick under ERISA § 502(a)(3) for breach of fiduciary duty. (TAC ¶¶ 475-99.) Plaintiff seeks a declaration that Walgreens, the Committee and Sedgwick violated their fiduciary duties; an award of interest on all benefits wrongfully delayed; reinstatement with full seniority (or front pay as a substitute); back pay; and costs and attorneys' fees. (TAC ¶ 499.)

---

[10] Since Count I is time-barred, the Court need not consider the Walgreens Defendants' and Sedgwick's alternative grounds for dismissal. (*See* Walgreens 8/29/25 Mem. at 18-19; Sedgwick 9/2/25 Mem. at 14-15.)

The Walgreens Defendants argue that Count II should be dismissed for failure to state a claim. (*See* Walgreens 8/29/25 Mem. at 19-23; Walgreens 1/30/26 Reply at 9-11.) Sedgwick argues that Count II is barred by the one-year limitations and, in any event, should be dismissed as to Sedgwick. (Sedgwick 9/2/25 Mem., at 15-18; Sedgwick 1/30/26 Reply, at 8-9.)

### 1.   Legal Standards

ERISA § 502(a)(3)(B) permits "a civil action" "by a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief[.]" 29 U.S.C.A. §  1132(a)(3)(B). "Section 502(a)(3) of ERISA authorizes equitable claims for breach of fiduciary duty." *Popovchak v. UnitedHealth Grp. Inc.*, 692 F. Supp. 3d 392, 406 (S.D.N.Y. 2023) (citing *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 630 (2d Cir. 2008)). Section 502(a)(3)(B) "is a 'catch-all' provision that 'normally is invoked only when relief is not available' under Section 502(a)(1)(B)." *Popovchak*, 692 F. Supp. 3d at 409 (quoting *Wilkins v. Mason Tenders Dist. Council Pension Fund*, 445 F.3d 572, 578-79 (2d Cir. 2006)).

"To state a claim for breach of fiduciary duty, a plaintiff must adequately allege that: '(1) the defendant is a fiduciary of the plan, (2) the defendant acted in its capacity as a fiduciary, and (3) the defendant breached a fiduciary duty.'" *Popovchak v. UnitedHealth Grp. Inc.*, 692 F. Supp. 3d at 410 (quoting *Lardo v. Bldg. Serv. 32BJ Pension Fund*, No. 20-CV-05047 (JPC), 2021 WL 4198233, at *6 (S.D.N.Y. Sept. 14, 2021)). ERISA addresses fiduciary status as follows:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

16

29 U.S.C. § 1002(21)(A).

"While ERISA § 502(a)(3) provides a vehicle for seeking equitable relief, in order to bring a claim pursuant to this Section, a plaintiff must also allege an underlying violation of some substantive provision of ERISA." *Miller v. Int'l Paper Co.*, No. 12-CV-07071 (LAK), 2013 WL 3833038, at *4 (S.D.N.Y. July 24, 2013) (citing *Gates v. United Health Grp.,* No. 11-CV-03487 (KBF), 2012 WL 2953050, at *11 (S.D.N.Y. July 16, 2012) (plaintiff's ability to seek equitable relief pursuant to Section 502(a)(3) "does not relieve her from having to establish an underlying violation of the statute"). In a claim alleging a breach of fiduciary duty, the underlying statutory violation may fall under ERISA § 404(a)(1)(B), which imposes an obligation on a plan fiduciary to "discharge his duties with respect to a Plan . . . with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use . . .." 29 U.S.C. § 1104(a)(1)(B).

"Monetary awards under [§ 502(a)(3)] are appropriate only in very limited circumstances." *Popovchak*, 692 F. Supp. 3d at 409 (cleaned up). "If a plan participant sues for breach of fiduciary duty relating to the terms of a plan, a resulting injunction coupled with surcharge—monetary compensation for a loss resulting from a fiduciary's breach of duty, or to prevent the fiduciary's unjust enrichment—constitutes equitable relief under Section 502(a)(3)." *Id.* (cleaned up).

### 2. Analysis

Unlike Plaintiff's § 502(a)(1) claim, the Court finds that the one-year statute of limitations set forth in the Plan does not apply to Plaintiff's claim under § 502(a)(3), based on breach of the fiduciary duty. Notably, Walgreens Defendants do not argue as such and Sedgwick does not

reassert this argument in reply. (Sedgwick 1/30/26 Reply, at 8-9.) Accordingly, the Court declines to recommend dismissal of Count II on timeliness grounds.

Turning to the merits of Plaintiff's claim, Plaintiff alleges, *inter alia*, that Walgreens breached its duty of loyalty and care by failing to respond to communications from Plaintiff, failing to advise Sedgwick that SFL is protected leave, failing to apprise her of her rights under the Plan with respect to SFL, denying her benefits and failing to provide her a full and fair review. (TAC ¶ 210, 211, 235-37, 306, 493.) Plaintiff further alleges that Sedwick breached its duty of loyalty and care by failing to provide consistent answers regarding claim status, ignored her request for an extension, misrepresenting and misapplying the terms of the Plan, denying her benefits and failing to provide a full and fair review. (TAC ¶¶ 212, 214, 220-21, 225-26 237, 297, 301-06, 493.)

At the outset, to the extent Plaintiff's breach of fiduciary duty claims are tied to her denial of benefits, the Court agrees with the Walgreens Defendants (Walgreens 8/29/25 Mem. at 20) that such claims are an attempt at a second route to damages under § 502(a)(1)(B) and her claims should be dismissed on that basis. *See Popovchak*, 692 F. Supp. 3d at 413 ("Attempts to 'repackage claims for wrongful denial of benefits' under Section 502(a)(1)(B) as claims for breaches of fiduciary duty are routinely dismissed at the pleading stage.") (citing cases). However, the Court finds that Plaintiff has plausibly alleged at least some conduct by Defendants to support a claim for breach of a fiduciary duty.

"The duty of care and loyalty found in ERISA § 404(a)(1)(B) has been applied to fiduciaries' communications with plan participants and beneficiaries." *Miller,* 2013 WL 3833038, at *4; *see also Devlin v. Empire Blue Cross and Blue Shield,* 274 F.3d 76, 88 (2d Cir.2001) ("[W]hen a plan

administrator. . . fails to provide information when it knows that its failure to do so might cause harm, the plan administrator has breached its fiduciary duty to individual plan participants and beneficiaries.") (citation omitted). Plaintiff's allegations regarding incomplete or misleading communications are sufficient at this early stage to state a claim. *See D'Iorio v. Winebow*, *Inc*., 920 F. Supp. 2d 313, 326 (E.D.N.Y. 2013) (allegations that defendants failed to provide material information to plaintiff even though defendant should have known that such omission could cause harm sufficient to survive motion to dismiss).

In its reply memorandum, Sedgwick argues for the first time that it was not a fiduciary. (Sedgwick 1/30/26 Reply at 8-9.) "Fiduciaries under ERISA are those so named in the plan, or those who exercise fiduciary functions." *In re Citigroup Erisa Litig.*, 104 F. Supp. 3d 599, 613 (S.D.N.Y. 2015), *aff'd sub nom., Muehlgay v. Citigroup, Inc.*, 649 F. App'x 110 (2d Cir. 2016). The Plan states that the Plan Administrator may delegate Third-Party Administrators like Sedgwick specific fiduciary responsibilities in writing. (Plan § 7.1, ECF No. 125-7, at p. 30.) Even if Sedwick was not delegated any such authority, Plaintiff plausibly alleges that Sedgwick exercised fiduciary functions. *See Lutz v. Kaleida Health*, No. 18-CV-01112 (EAW), 2019 WL 3556935, at *3 (W.D.N.Y. Aug. 5, 2019) ("The question of whether one is a functional fiduciary is fact-intensive and the court must accept well-pled allegations as true when ruling on a motion to dismiss.").

Accordingly, it is recommended that Defendants' motion to dismiss Count II be denied.

### D.    Counts III to V: ERISA § 510

Plaintiff brings Counts III and V of the TAC against Walgreens under ERISA § 510, and brings Count IV against Walgreens, the Welfare Committee and Sedgwick under § 510. (TAC ¶¶ 500-39.)

1.    **Legal Standards**

ERISA § 510 provides in relevant part, as follows:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . ..

29 U.S.C. § 1140.

Since ERISA does not specify a statute of limitations for a § 510 claim, courts must apply the limitations period of the state-law cause of action that is most analogous to such claim. *See Sandberg v. KPMG Peat Marwick, L.L.P.*, 111 F.3d 331, 333 (1997) ("When Congress fails to provide a statute of limitations for claims arising under federal statutes, a court must apply the limitations period of the state-law cause of action most analogous to the federal claim." (citations omitted)). The Second Circuit has held that New York Workers' Compensation Law § 120 is the most analogous state law claim to ERISA § 510, and thus the two-year statute of limitations provided by that statute governs all claims arising under § 510. *Id*. at 335-36. This two-year limitations period consistently has been applied by courts in this Circuit. *See*, *e.g.*, *Williams v. AAA S. New England*, No. 13-CV-00855 (VB), 2015 WL 864891, at *3 (S.D.N.Y. Mar. 2, 2015) (citing *Sandberg*); *Weir v. Holland & Knight*, No. 05-CV-09358 (LTS) (AJP), 2007 WL 1815494, at *2 (S.D.N.Y. June 25, 2007) (citing *Sandberg*). "[ERISA] § 510 claims accrue upon notification of an employee's termination, not upon the actual deprivation of benefits." *Weir*, 2007 WL 1815494, at *2.

## 2.    Analysis

The Walgreens Defendants and Sedgwick argue that Plaintiff's ERISA § 510 claims are time-barred. (*See* Walgreens 8/29/25 Mem. at 23-24; Sedgwick 9/2/25 Mem. at 8-9; Walgreens 1/30/26 Reply at 11; Sedgwick 1/30/26 Reply at 3.) The Court agrees.

In Counts III to V, Plaintiff pleads three § 510 claims (retaliatory discharge, interference and failure to reinstate), each of which alleges that Walgreens terminated her employment to avoid its obligations under the Plan (TAC ¶¶ 516, 527, 536) and thus the statute of limitations runs from the date of her termination.[11] Plaintiff was terminated on February 17, 2022 (TAC ¶ 295), but did not file her Complaint alleging an ERISA § 510 claim until June 7, 2024. (*See* Compl. ¶¶ 103-15.) Since the Complaint was filed more than two years after Plaintiff's termination, her § 510 claims are time-barred. *See Abe v. New York Univ*., No. 14-CV-09323 (RJS), 2016 WL 1275661, at *4 (S.D.N.Y. Mar. 30, 2016) (dismissing untimely § 510 claim on motion to dismiss).[12]

Accordingly, it is recommended that Count III of the TAC be dismissed.[13]

---

[11] To the extent that Plaintiff bases her interference claim on the denial of benefits (*see* TAC ¶¶ 526-27), her first appeal was denied on the same date that she was terminated, so the statute of limitations also would accrue on her termination date. Surely, the statute of limitations would not run from the November 2, 2022 date when Plaintiff was successful on her second appeal since there was no denial of benefits on that date. (*See* TAC ¶ 219.)

[12] Plaintiff's arguments regarding equitable tolling (*see* Pl.'s 1/12/26 Walgreens Opp. Mem., ECF No. 233, at 36-37) are baseless. "Equitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." *Veltri v. Bldg. Serv. 32B-J Pension Fund,* 393 F.3d 318, 322 (2d Cir. 2004). Plaintiff has not shown that she was prevented from filing an ERISA § 510 claim.

[13] Since the § 510 claims are barred by the statute of limitations, the Court need not consider the Walgreens Defendants' and Sedgwick's alternative grounds for dismissal. (*See* Walgreens 8/29/25 Mem. at 24-25; Sedgwick 9/2/25 Mem. at 4-8.)

**E.**    **Counts VI, IX And XII: ADA Disability Discrimination Claims**

Plaintiff brings three disability discrimination-related claims in the TAC: Count VI against Walgreens for disability discrimination (TAC ¶¶ 540-46); Count IX against Walgreens and Sedgwick for failure to provide a reasonable accommodation (*id*. ¶¶ 561-67); and Count XII against Walgreens and Sedgwick for failure to engage in an interactive process. (*Id*. ¶¶ 582-87.)

**1.**    **Statute Of Limitations**

A plaintiff seeking to bring a claim under the ADA must exhaust administrative remedies. *See Spillers v. N.Y.C. Health & Hosps. Corp.*, 763 F. App'x 138, 139 (2d Cir. 2019). "Pursuant to Title VII and the ADA, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC within 300 days of a discriminatory act." *McPartlan-Hurson v. Westchester Cmty. Coll.*, 804 F. App'x 41, 43 (2d Cir. 2020) (citing 42 U.S.C. § 2000e-5(e)(1) (Title VII enforcement procedures), 12117(a) (applying Title VII enforcement procedures to ADA claims)). "Claims concerning discrete acts outside this window will be time barred." *Id*. (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002)). "Although a plaintiff's noncompliance with [these] timeliness requirements is an affirmative defense, . . . it may, like a traditional statute-of-limitations defense, be raised in a pre-answer motion pursuant to Fed. R. Civ. P. 12(b)(6)." *Vuono v. Consol. Edison of New York, Inc.,* No. 18-CV-01635 (VEC), 2019 WL 2433654, at *5 (S.D.N.Y. June 11, 2019) (cleaned up). "Such a motion should be granted if it appears on the face of the complaint that the complaint is untimely." *Id.*

In the present case, Plaintiff filed her EEOC charge on December 9, 2022. (TAC ¶ 16.) Thus, Defendants argue that Plaintiff's ADA claims accruing prior to February 12, 2022 are time-barred.[14] (Walgreens 8/29/25 Mem. at 6; Sedgwick 8/29/25 Mem. at 11-12.)

Plaintiff argues that the limitations period does not apply based upon the continuing violation doctrine. (*See* Pl.'s 1/12/2026 Walgreens Opp. Mem. at 7-9.) However, the continuing violation doctrine does not apply to discrete acts of discrimination, such as termination. *See Morgan*, 536 U.S. at 110-15; *see also Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 205 (E.D.N.Y. 2014). Likes discriminatory termination claims, "claims under the ADA of a failure to accommodate are quintessential discrete acts[,]" for which the continuing violation doctrine does not apply. *Philbert v. City of New York*, No. 21-CV-03119 (PAE), 2022 WL 94574, at *13 (S.D.N.Y. Jan. 7, 2022) (citing *Gomez v. New York City Police Dep't*, 191 F. Supp. 3d 293, 302 (S.D.N.Y. 2016)). "[T]he rejection of a proposed accommodation is a single completed action when taken[,] although the effect of the employer's rejection continues to be felt by the employee for as long as [she] remains employed." *Gomez*, 191 F. Supp. 3d at 302 (quoting *Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 135 (2d Cir. 2003)). A plaintiff cannot render an untimely claim timely "simply by alleging that the [employer's] noncompliance 'continued,' or that the [employer] engaged in similar unlawful actions during subsequent years." *Troeger v. Ellenville Cent. Sch. Dist.*, 523 F. App'x 848, 851 (2d Cir. 2013) (citing *Morgan*, 536 U.S. at 113; *see also Liboy v. Russ*, No. 22-CV-10334 (VM), 2023 WL 6386889, at *10 (S.D.N.Y. Sept. 29, 2023) ("repeated denials of requests for a reasonable accommodation do not constitute a continuing

---

[14] Sedgwick asserts that the date should be February 14, 2022 since February 12, 2022 is a Saturday.

violation"). Moreover, because application of the continuing violation doctrine can be determined on the face of the Complaint, the Court properly may consider it on a motion to dismiss.[15] Accordingly, the Court finds that the continuing violation doctrine does not apply to Plaintiff's disability discrimination claims based on failure to accommodate and disparate treatment and that such claims that accrued prior to February 12, 2022 are time-barred.

### 2. Claims Against Sedgwick

Sedgwick argues that Plaintiff's discrimination claims against it should be dismissed because "she has not pleaded, and there is no possible basis to conclude, that Sedgwick was Plaintiff's employer." (Sedgwick 8/29/25 Mem. at 10-11.) "It is well established that an employer-employee relationship is a primary element of an employment discrimination claim under . . . the ADA . . .." *Karupaiyan v. CVS Health Corp.*, No. 19-CV-08814 (KPF), 2021 WL 4341132, at *9 (S.D.N.Y. Sept. 23, 2021) (citing *Christiansen v. Omnicom Grp., Inc.*, 167 F. Supp. 3d 598, 608 (S.D.N.Y. 2016), *aff'd in part, rev'd in part on other grounds*, 852 F.3d 195 (2d Cir. 2017)). Although Plaintiff argued in her opposition memorandum that "Sedgwick acted in the capacity of employer" (*see* Pl.'s 1/12/26 Sedgwick Opp. Mem. at 23), the TAC does not plausibly allege that Sedgwick was Plaintiff's employer, which is a required element for a disability discrimination claim and for a failure to provide a reasonable accommodation claim. *See McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013); *Rullan v. New York City Sanitation Dep't*, No. 13-CV-05154 (JGK), 2014 WL 2011771, at *7 (S.D.N.Y. May 16, 2014), *aff'd*, 607 F. App'x 86 (2d Cir. 2015). Accordingly, it is recommended that Plaintiff's ADA claims against Sedgwick be dismissed.

---

[15] In contrast, in *Singh v. Walgreen Company*, 24-CV-05862 (JLR), the case relied upon by Plaintiff, the only basis for the defendant's statute of limitations argument was a declaration, which "[was] plainly outside of the Amended Complaint." (*See* 5/1/25 Oral Arg. Tr., 24-CV-05862 ECF No. 33, at 15.)

### 3.    Claims Against Walgreens Defendants

"Disability discrimination claims may be brought under a theory of failure to provide reasonable accommodation ('failure to accommodate')[16] or of adverse employment action ('discriminatory treatment')." *Balchan v. New York City Hous. Auth.*, No. 21-CV-10326 (JGK), 2025 WL 588021, at *5 (S.D.N.Y. Feb. 24, 2025) (citing *McMillan*, 711 F.3d at 125-26)). "[T]here is no valid independent claim under the ADA for failure to engage in an interactive process." *Sheng v. M&TBank Corporation*, 848 F.3d 78, 87 (2d Cir. 2017) (citation omitted). Accordingly, the Court analyzes Plaintiff's ADA claims based only on failure to accommodate and disparate treatment.

### a.    Failure To Accommodate

"In order to allege sufficiently the denial of a reasonable accommodation, a plaintiff must plead facts supporting a plausible inference that: (1) the plaintiff is disabled within the meaning of the ADA, (2) the plaintiff's employer was covered under the statute and had notice of the plaintiff's disability, (3) the plaintiff could have performed the essential functions of his job with a reasonable accommodation, and, (4) the employer refused to make a reasonable accommodation." *Rullan*, 2014 WL 2011771, at *7. The Walgreens Defendants do not dispute the first three elements but argue that Plaintiff has failed to plausibly allege that the requested accommodation was reasonable. (Walgreens 8/29/25 Mem. at 10-11.)

Plaintiff alleges that, on January 17, 2022, she requested an accommodation from Walgreens and Sedgwick in the form of an unpaid three-month medical leave. (TAC ¶ 252.) She explained to them that "she needed the accommodation to obtain treatment of her condition,

---

[16] The ADA defines discrimination to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . .." 42 U.S.C. § 12112(a)(5)(A).

while battling its exacerbation, in order to return to work." (*Id*.) Plaintiff alleges that her request for an accommodation was denied by Walgreens in a letter issued on February 14, 2022 (*id*. ¶ 270), which falls within the limitations period. The letter stated that "Walgreens cannot accommodate you without undue business hardship," and that "the request will be closed." (*Id*.) Then, on February 15, 2022, Sedgwick sent a letter to Plaintiff stating that her request for an accommodation "will be closed because Accommodation Denied." (*Id*. ¶ 275.) Plaintiff alleges that, "[i]nstead of engaging in a good faith back and forth cooperative dialogue, and instead of granting an accommodation that was reasonable, Walgreens and Sedgwick denied the request and terminated Plaintiff just two days later." (*Id*. ¶ 280.) Plaintiff further alleges that, since she was requesting an unpaid leave, the accommodation that she was requesting would have cost Walgreens "$0.00." (*Id*. ¶ 283.)

The Court finds these allegations sufficient to plausibly allege a failure to accommodate claim. Courts in this Circuit have found a request for unpaid leave can be a reasonable accommodation under the ADA. *See Sobhi v. Sociedad Textil Lonia Corp.*, No. 13-CV-08073 (AT) (MHD), 2014 WL 7474338, at *5 (S.D.N.Y. Dec. 30, 2014) (finding plaintiff's request for unpaid medical leave of six to eight weeks not "unreasonable as a matter of law"); *see also Kiley v. AIM Servs., Inc.*, No. 24-CV-00869 (MAD) (PJE), 2025 WL 1282365, at *4 (N.D.N.Y. May 2, 2025) ("where a request for leave is finite and the plaintiff communicates to her employer that she will be able to return to work afterwards, courts have refused to find such requests unreasonable as a matter of law").[17] Plaintiff's allegations that Walgreens failed to engage in the interactive

---

[17] The Walgreens Defendants cite to *Ortiz v. Pace Univ.*, 761 F. Supp. 3d 695 (S.D.N.Y. 2025), to argue that Plaintiff has not pled a failure to accommodate claim based upon denial of a request for medical leave. (*See* Walgreens 8/29/25 Mem at 11.) *Ortiz*, however, is distinguishable from this case. In *Ortiz*, the court

process also support her assertion that Walgreens failed to provide a reasonable accommodation. *See Sheng*, 848 F.3d at 87 ("an employer's failure to engage in a good faith interactive process can be introduced as evidence tending to show . . . [that] the employer has refused to make [a reasonable] accommodation."). Thus, at this stage, the Court finds Plaintiff's allegations sufficient to state a plausible claim for relief. *See Sobhi*, 2014 WL 7474338, at *5 (denying motion to dismiss and noting that the reasonableness of an accommodation is a "fact-intensive inquiry").

### b.    <u>Disparate Treatment</u>

To plead an ADA disability discrimination claim under a disparate treatment theory, a plaintiff must allege "that (1) the defendant is a covered employer; (2) the plaintiff suffered from, or was regarded as suffering from, a disability within the meaning of the statute; (3) the plaintiff was qualified to perform the essential functions of the job, with or without a reasonable accommodation; and (4) she suffered an adverse employment action because of her disability or perceived disability." *Crosby v. Stew Leonard's Yonkers LLC*, 695 F. Supp. 3d 551, 566-67 (S.D.N.Y. 2023) (quoting *Dobbs v. NYU Langone Medical Ctr.*, No. 18-CV-01285 (MKV), 2021 WL 1177767, at *5 (S.D.N.Y. Mar. 29, 2021)). Under the ADA, discrimination must be "the but-for cause of any adverse employment action" *Natofsky v. City of New York*, 921 F.3d 337, 348 (2d Cir. 2019).

The Walgreens Defendants do not dispute that Plaintiff has plausibly alleged the first three elements but argue that "[n]othing in the TAC supports an inference that Plaintiff's

---

found that the plaintiff-student had not pled sufficient facts to support her claim, stating that "[t]he complaint [did] not explain when Plaintiff sought leave, what she told the school in requesting leave, why the school refused the leave, or other relevant facts." *Id*. at 701. Here, by contrast, Plaintiff has pled sufficient facts.

disability motivated Walgreens' termination decision." (Walgreens 8/29/25 Mem. at 9.) However, Plaintiff alleges that she was discharged not long after she was denied a reasonable accommodation (TAC ¶¶ 11, 280), which can be evidence that a termination decision was because of a plaintiff's disability. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 (2d Cir. 2000). Plaintiff also plausibly alleges that at least one of the decisionmakers in her termination was aware of her accommodation request. (TAC ¶¶ 201, 255.) Accordingly, at this stage, the Court finds that Plaintiff plausibly alleges facts to support an inference that Walgreens terminated her because of her disability. *See Crosby*, 695 F. Supp. 3d at 568 (finding denial of accommodation, among other allegations, sufficient to plausibly allege discriminatory intent).

For the foregoing reasons, it is recommended that the Walgreens Defendants' motion to dismiss Count VI (ADA disability discrimination) and Count IX (ADA failure to provide a reasonable accommodation) be denied; that Sedgwick's motion to dismiss Count IX be granted; and that Walgreens' and Sedgwick's motions to dismiss Count XII (ADA failure to engage in an interactive process) be granted.[18]

### F.    Count VII, VIII, X, XI, XIII And XIV: NYSHRL And NYCHRL Disability Discrimination Claims

In Count VII of the TAC, Plaintiff brings a disability discrimination claim under the NYSHRL (*i.e.*, New York Executive Law § 296, *et seq.*) against Walgreens (TAC ¶¶ 547-53); in Count VIII, Plaintiff brings a disability discrimination claim under the NYCHRL (*i.e.*, New York City Administrative Code § 8-107, *et seq.*) against Walgreens (*id.* ¶¶ 554-60); in Count X, Plaintiff brings a failure to provide a reasonable accommodation claim under the NYSHRL against

---

[18] Again, "there is no valid independent claim under the ADA for failure to engage in an interactive process." *Sheng*, 848 F.3d at 87.

Walgreens and Sedgwick (*id*. ¶¶ 568-74); in Count XI, Plaintiff brings a failure to provide a reasonable accommodation claim under the NYCHRL against Walgreens and Sedgwick (*id*. ¶¶ 575-81); in Count XIII, Plaintiff brings a failure to engage in interactive process claim under the NYSHRL against Walgreens and Sedgwick (*id*. ¶¶ 588-93); and in Count XIV, Plaintiff brings a failure to engage in interactive process claim under the NYCHRL against Walgreens and Sedgwick. (*Id*. ¶¶ 594-99.)

### 1.    Statute Of Limitations

NYSHRL claims must be brought within three years of their accrual. *See* N.Y. Exec. Law § 297(5). NYCHRL claims also must also be brought within three years of their accrual. *See* N.Y.C. Admin. Code § 8-502(d). Thus, Defendants argue that Plaintiff's NYSHRL and NYCHRL claims that accrued prior to June 7, 2021 are time-barred. (8/29/25 Walgreens Mem. at 6-7; Sedgwick 8/29/25 Mem. at 12-14.) However, these limitations periods may be tolled when a plaintiff files a complaint with the SDHR or EEOC, as Plaintiff did here.

The NYSHRL typically tolls the statute of limitations while a complaint is pending at the SDHR, except, if the complainant requests that the Complaint be dismissed, she does not receive the benefit of that tolling. *See* N.Y. Exec. Law § 297(9) ("[I]f a complaint is . . . annulled [at the request of the complainant] by the division, upon the request of the party bringing such complaint before the division, such party's rights to bring such cause of action . . . shall be limited by the statute of limitations in effect. . . at the time the complaint was initially filed with the division."); *see also McSweeney v. Cohen*, No. 24-CV-01503 (LJL), 2025 WL 966022, at *34 (S.D.N.Y. Mar. 31, 2025) ("under the NYSHRL, if the claimant requests that the complaint be dismissed, she loses the benefit of that tolling"). Under the NYCHRL, the limitations period is

tolled during the pendency of an administrative complaint regardless of whether a claimant requests dismissal. *See* N.Y.C. Admin. Code § 8-502(d) ("Upon the filing of a complaint with . . . the state division of human rights and during the pendency of such complaint and any court proceeding for review of the dismissal of such complaint, such three-year limitations period shall be tolled."); *McSweeney*, 776 F. Supp. 3d at 263 ("Tolling under the NYCHRL is not impacted by the claimant's request for dismissal of the administrative charge.") (citation omitted).

Moreover, "[a]lthough the Second Circuit has not spoken on this issue, Courts in this Circuit have concluded that the statute of limitations is tolled with respect to claims brought under the NYSHRL and the NYCHRL pending resolution of a plaintiff's 'related' EEOC charge." *Shin v. NBC Universal Media, LLC*, No. 23-CV-10996 (LJL), 2025 WL 438297, at *11 (S.D.N.Y. Feb. 7, 2025) (citing *Parker v. Israel Disc. Bank of N.Y., Inc.*, 2022 WL 16833626, at *4 (S.D.N.Y. Nov. 9, 2022) (collecting cases)). In the present case, Plaintiff filed her EEOC Charge on December 9, 2022 and received her right to sue letter on March 11, 2024. (TAC ¶ 18.) Thus, her EEOC charge was pending for 457 days. Plaintiff filed her SDHR Complaint on February 16, 2023. (TAC ¶ 17.) On June 3, 2024, Plaintiff received the notice of dismissal of her SDHR Complaint for administrative convenience she requested. (*Id*. ¶ 19.) Thus, her SDHR complaint was pending for 474 days.

The Court finds that the more generous tolling period applies to Plaintiff's claims under the NYCHRL. Relying on *McGuirk v. Swiss Re Fin. Servs., Corp*., 699 F. App'x 55 (2d Cir. 2017), Defendants argue that Plaintiff should not receive the benefit of tolling for her NYCHRL claims since the NYCHRL claims alleged in this action were not the same claims contained in her SDHR Complaint, which were limited to her familial status. (*See* Walgreens 8/29/25 Mem. at 7; Sedgwick 9/2/25 Mem. at 13.) In *McGuirk*, the Second Circuit dismissed a hostile work

environment claim on exhaustion grounds because such claim had not been raised in plaintiff's SDHR complaint. *See McGuirk*, 699 F. App'x at 56. The Circuit stated that "[t]he hostile work environment claim was not reasonably related to the other claims, so the agency did not have a basis to investigate [plaintiff's] allegations." *Id*. at 56-57. *McGuirk* is factually distinguishable from the present case.

Here, Plaintiff's February 16, 2023 SDHR Complaint did state that the nature of the alleged discrimination was "Familial Status." (*See* Hale 8/29/25 Decl. Ex. B at PDF p. 2.) However, an examination of the specific allegations of the SDHR Complaint reflects that the NYCHRL disability and caregiver discrimination claims alleged in the TAC are reasonably related to those alleged in the SDHR Complaint. In the SDHR Complaint, Plaintiff alleges that she was subject to discriminatory treatment because she was caring for her minor child and dependent family members. (*See id*. at PDF pp. 5-7.) In the TAC, Plaintiff alleged that she provided care to disabled members of her family and based her NYCHRL claims, in part, on her association with disabled persons and her caregiver status. (TAC ¶¶ 5, 74, 86, 106, 556, 606, 632, 650.) Thus, in contrast to *McGuirk*, the SDHR Complaint allegations are related to the NYCHRL claims in the TAC. As such, Plaintiff is entitled to tolling based on the SDHR Complaint. Plaintiff commenced this action on June 7, 2024. (*See* Compl.) Given the tolling period, Plaintiff's NYCHRL claims that accrued on or after February 19, 2020 are timely.[19]

With respect to the NYSHRL, because Plaintiff requested dismissal of her SDHR Complaint, she does not receive the benefit of tolling while the SDHR Complaint was pending. However, the

---

[19] In the alternative, the Court finds that Plaintiff is entitled to tolling during the pendency of her EEOC Charge, which would render claims filed on or after March 7, 2020 timely. This roughly two-week difference does not appear to make a practical difference with respect to Plaintiff's claims.

Court finds that she does benefit from tolling during the pendency of her EEOC Charge. Thus, Plaintiff's NYSHRL claims that accrued on or after March 7, 2020 are timely.[20] As discussed below, these claims include Plaintiff's claims based on random assignments to remote stores in 2020 (TAC ¶ 142); her failure to receive a promotion in 2020 (*id*. ¶ 145); her November 2021 performance review (*id*. ¶ 157); her failure to accommodate claim from February 14, 2022 (*id*. ¶¶ 269-70, 279); and her termination. (*Id*. ¶ 295.)

###      2.      **Legal Standards**

"The elements for finding [disability] discrimination under NYSHRL and NYCHRL generally track the ADA." *Kornmann v. City of New York Bus. Integrity Comm'n*, 467 F. Supp. 3d 54, 61 (E.D.N.Y. 2020) (citing *Kinneary v. City of New York*, 601 F.3d 151, 155-56 (2d Cir. 2010); *Ugactz v. United Parcel Service, Inc.*, No. 10-CV-01247 (MKB), 2013 WL 1232355, at *14 (E.D.N.Y. March 26, 2013). However, the provisions of the NYCHRL are interpreted broadly in favor of discrimination claims "to the extent that such a construction is reasonably possible." *Albunio v. City of New York*, 16 N.Y.3d 472, 477-78 (2011). "Courts must analyze NYCHRL claims separately from any federal law claims and should construe the NYCHRL 'liberally for the accomplishment of the uniquely broad and remedial purposes thereof.'" *Bueno v. Eurostars Hotel, Co., S.L.*, No. 21-CV-00535 (JGK), 2022 WL 95026, at *8 (S.D.N.Y. Jan. 10, 2022) (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013)). A plaintiff need only show that they were treated "less well, at least in part for a discriminatory reason." K*hwaja v. Jobs to Move*

---

[20] Sedgwick argues that Plaintiff's claims were not tolled by the filing of the EEOC Charge because it "did not give specific notice of Plaintiff's NYSHRL claims against it. (Sedgwick 1/30/26 Reply at 4.) Regardless, the Court recommends dismissing the disability discrimination claims against Sedgwick for the reasons set forth herein.

*Am.*, No. 10-CV-07070 (JPC), 2021 WL 3911290, at *3 (S.D.N.Y. Sept. 1, 2021) (quoting *Mihalik*, 715 F.3d at 110 n.8). Conduct still must "transcend petty slights or trivial inconveniences" to be actionable under the NYCHRL. *See Lee v. Riverbay Corp.*, 751 F. Supp. 3d 259, 279 (S.D.N.Y. 2024).

Historically, NYSHRL claims were subject to largely the same analysis as claims under federal law. However, in June 2019, the New York State Legislature amended the NYSHRL to require that courts construe that statute "liberally for the accomplishment of [its] remedial purposes . . . regardless of whether federal civil rights laws, including those laws with provisions worded comparably . . . have been so construed." *Cooper v. Franklin Templeton Invs.*, No. 22-CV-02763, 2023 WL 3882977, at *3 (2d Cir. June 8, 2023) (quoting N.Y. Exec. Law § 300) (noting but not resolving impact of amendments since claims fell short under more liberal NYCHRL standard). The amendments apply to claims accruing after the effective date of October 11, 2019. *See Wellner v. Montefiore Med. Ctr.*, No. 17-CV-03479 (KPF), 2019 WL 4081898, at *5 n.4 (S.D.N.Y. Aug. 29, 2019). Courts in this District have interpreted the amendments as "rendering the standard for claims closer to the standard of the NYCHRL[.]" *Everett v. New York City Dep't of Educ.*, No. 21-CV-07043 (JPC), 2023 WL 5629295, at *11 (S.D.N.Y. Aug. 31, 2023) (quoting *Livingston v. City of New York*, 563 F. Supp. 3d 201, 232 n.14 (S.D.N.Y. 2021) (alterations omitted)). As such, Plaintiff's NYSHRL claims in this case "rise and fall" with the NYCHRL claims, and will be treated identically. *See Zam v. Mizuho Americas Servs. LLC*, No. 24-CV-02537 (JGLC), 2025 WL 935003, at *8 (S.D.N.Y. Mar. 27, 2025).

### 3.    Analysis

As with their federal counterpart, disability discrimination claims under the NYSHRL and the NYCHRL may be brought under a theory of adverse employment action or of failure to provide

reasonable accommodation. *See Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, 665 F. Supp. 3d 412, 457 (S.D.N.Y. 2023); *Berger v. New York City Police Dep't*, 304 F. Supp. 3d 360, 369 n.7 (S.D.N.Y. 2018). Like the ADA, failure to engage in an interactive process does not give rise to an independent cause of action under the NYSHRL. *See Frilando v. New York City Transit Authority*, 513 F. Supp. 3d 356, 365 (2021); *see also Jacobsen v. New York City Health & Hosps. Corp.*, 22 N.Y.3d 824, 838 (2014) ("the employee cannot obtain a favorable jury verdict or summary judgment [under the NYSHRL] solely based on the employer's failure to engage in an interactive process"). However, under the NYCHRL a failure to engage in the interactive process is actionable. *See* N.Y.C. Admin. Code § 8-107(28)(a) ("[I]t shall be an unlawful discriminatory practice for an employer . . . to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation or who the [employer] has notice may require such an accommodation . . . [r]elated to a disability.")

Because the Court already has found that Plaintiff has stated a plausible disability discrimination claim under the ADA against Walgreens based on her failure to accommodate and termination allegations (*see* Discussion Section II.E.3., *supra*), Plaintiff also has stated disability discrimination claims against Walgreens on those grounds under the NYSHRL and NYCHRL. *See Zam*, 2025 WL 935003, at *9 (plaintiff who stated claim for disability discrimination under ADA necessarily stated claim under the NYCHRL and NYSHRL as well) (citing *Gilani v. Deloitte LLP*, No. 23-CV-04755 (JMF), 2024 WL 4042256, at *6 (S.D.N.Y. Sept. 4, 2024) (permitting plaintiff's parallel claims of disability discrimination under NYSHRL and NYCHRL to "naturally" proceed where she plausibly stated claim under ADA)).

34

The Court also finds that Plaintiff's allegations regarding her assignments to remote stores in 2020 state a valid disability discrimination claim against Walgreens under the NYSHRL and NYCHRL. Plaintiff alleges that she was "assigned . . . to random distant stores, some requiring six (6) hours commute in both ways for thirteen (13) hour long shifts with no lunch breaks, and without giving the required advanced notice of the schedule." (TAC ¶ 142.) Under the NYCHRL, "in order to demonstrate liability, a plaintiff need not establish that she or he was subjected to a 'materially adverse' change to terms and conditions of employment, but only that she or he was subject to an unfavorable change or treated less well than other employees on the basis of a protected characteristic[.]" *Golston-Green v. City of New York*, 184 A.D.3d 24, 38 (2d Dep't 2020). Thus, "a change in geographical assignment" "constitutes actionable unfavorable treatment" under the NYCHRL. *Id*. at 38-39. Plaintiff also plausibly pleads that her treatment was tied to her disability. (*See id*. ¶¶ 137-39.)

In addition, the Court finds that Plaintiff's allegations regarding her failure to receive a promotion in 2020 state a valid disability discrimination claim against Walgreens under the NYSHRL and NYCHRL. "[A]t the pleading stage, Courts in this Circuit . . . typically employ Title VII's failure-to-promote framework to analyze NYCHRL failure-to-promote claims, while bearing in mind the more liberal standards of the NYCHRL." *Munjal v. Emirates*, No. 21-CV-08401 (PAE), 2022 WL 204775, at *8 (S.D.N.Y. Jan. 24, 2022) (cleaned up). "Under that framework, the [pleading] need allege only that [plaintiff] is a member of a protected class; that [her] job performance was satisfactory; that [s]he applied for and was denied promotion to a position for which [s]he was qualified; and that the position remained open and the employer continued to seek applicants." *Id*. (citing *Campbell v. Cellco P'ship*, 860 F. Supp. 2d 284, 297 (S.D.N.Y. 2012)).

Plaintiff alleges the following with respect to her 2020 failure to promote claim:

Throughout the period from December 2019 to March 2020, Plaintiff inquired with Mr. Couch [a Walgreens district manager] if there were pharmacy manager or any permanent staff positions available. Even though the position were available, and Plaintiff was qualified for a promotion, Mr. Couch, told Plaintiff that he will not be promoting or placing her in a permanent staff position because of her family situation and her utilizing family leaves in the past. Plaintiff was blackballed by Walgreens senior leadership, has never been promoted, despite of being qualified and having a decade of experience, has not received any raises since 2014 and her wages continued to decline due to continuous cuts in her scheduled hours since 2014. This was done in order to discriminate, harass and retaliate against Plaintiff on the basis of her disability, association with disabled person, familial/caregiver status and opposing discriminatory conduct.

(TAC ¶ 145.) The Court finds that these allegations are sufficient to plead a plausible failure to promote claim under the liberal standards of the NYSHRL and NYCHRL. *See Munjal*, 2022 WL 204775, at *8.

Further, the Court finds that Plaintiff's allegations regarding her negative performance evaluation in November 2021 state a disability discrimination claim under the NYCHRL and the NYSHRL. Although a negative performance review is not always an adverse action even under the more liberal standards of the NYSHRL and NCHRL, *see Borzon v. Green*, No. 16-CV-07385 (VEC), 2018 WL 3212419, at *8 n.18 (S.D.N.Y. June 29, 2018), *aff'd*, 778 F. App'x 16 (2d Cir. 2019),[21] Plaintiff alleges not only that she received a baseless negative performance review, but that the negative review affected the terms and conditions of employment because a rating below 3 out

---

[21] *Satina v. City of New York*, 24-CV-01842 (JGLC), 2025 WL 902893 (S.D.N.Y. Mar. 25, 2025), cited by the Walgreens Defendants for the proposition that "a negative performance evaluation is not, without more, an adverse employment action sufficient for stating a claim pursuant to," among other laws, the NYCHRL (*See* Walgreens 8/29/25 Mem. at 7 n.7) is distinguishable for the same reason. In *Satina*, "Plaintiff [did] not describe[] what terms and conditions of her employment changed or were harmed as a result of her two negative evaluations." *See Satina*, 2025 WL 902893, at *5.

of 5 rendered her ineligible for annual bonuses, promotions and transfers. (TAC ¶¶ 157, 164-65.) The Court finds these allegations sufficient to state a claim under the NYSHRL and NYCHRL.

Finally, the Court finds that Plaintiff plausibly has alleged a claim under the NYCHRL based on failure to engage in the interactive process. The Walgreens Defendants argue that Plaintiff's "allegations confirm th[at] Walgreens engaged in the interactive process and held a cooperative dialogue related to her accommodation request." (Walgreens 8/29/25 Mem. at 11.) Although the TAC reflects correspondence that was exchanged between Plaintiff and Walgreens (*see* TAC ¶¶ 254, 261), the Court finds that, at this stage, Plaintiff has alleged sufficient facts to support her assertion a cooperative dialogue did not occur. (*See id.* TAC ¶¶ 262-63, 280.)

However, the Court finds that Plaintiff has not pled valid claims under the NYSHRL and NYCHRL against Sedgwick. "To plead a claim under the NYSHRL and NYCHRL, a plaintiff must allege an employment relationship between plaintiff and defendant." *Ruiz v. New Avon LLC*, No. 18-CV-09033 (VSB), 2019 WL 4601847, at *12 (S.D.N.Y. Sept. 22, 2019). Plaintiff argues that Sedgwick can be liable because "it exercised control over Plaintiff's employment and participated in the denial of accommodation." (Pl.'s Sedgwick 1/12/26 Opp. at 23.) Plaintiff alleges that Walgreens partnered with Sedgwick to administer requests for reasonable accommodation and that Sedgwick was involved in the processing of her accommodation. (TAC ¶¶ 247, 254.) Nonetheless, Plaintiff alleges that she was employed by Walgreens and that it was Walgreens that denied her accommodation request and terminated her employment. (*Id.* ¶¶ 25, 270, 295.) Thus, Sedgwick was a stranger to the employment relationship (*see* Sedgwick 1/30/26 Reply at 8) and Plaintiff's NYSHRL and NYCHRL claims against it should be dismissed on that basis.

37

Accordingly, it is recommended that the Walgreens Defendants' motion to dismiss Count VII (NYSHRL disability discrimination), Count VIII (NYCHRL disability discrimination), Count X (NYSHRL failure to provide a reasonable accommodation), Count XI (NYCHRL failure to provide a reasonable accommodation) and Count XIV (NYCHRL failure to engage in an interactive process) be denied; that Sedgwick's motion to dismiss Count X, Count XI and Count XIV be granted; and that Walgreens' and Sedgwick's motions to dismiss Count XIII (NYSHRL failure to engage in an interactive process) be granted.[22]

### G.    Counts XV And XVI: NYSHRL Familial Status Discrimination And NYCHRL Caregiver Discrimination Claims

In Count XV, Plaintiff asserts a familial status discrimination claim under the NYSHRL against Walgreens (TAC ¶¶ 600-04) and, in Count XVI, asserts a caregiver discrimination claim under the NYCHRL against Walgreens. (*Id*. ¶¶ 605-09.)

#### 1.    Legal Standards

The NYSHRL makes it unlawful for an employer to discriminate against an individual because of, *inter alia*, an individual's "familial status." N.Y. Exec. L. § 296(1)(a). The NYSHRL defines familial status as: (a) "any person who is pregnant or has a child or is in the process of securing legal custody of any individual who has not attained the age of eighteen years, or (b) one or more individuals (who have not attained the age of eighteen years) being domiciled with: a parent or another person having legal custody of such individual or individual. *See* N.Y. Exec. Law § 292(26). Thus, for example, courts have found familial status discrimination where landlords refused to rent to families with children. *See*, *e.g.*, *Giura v. New York State Div. of*

---

[22] Again, as noted above, there is no valid independent claim under the NYSHRL for failure to engage in an interactive process, but there is such an independent claim under the NYCHRL.

*Human Rights*, 135 A.D.3d 758, 758-59 (2d Dep't 2016). However, the NYSHRL does not apply to

caregivers. *See Aponte v. Town of Islip*, 236 A.D.3d 424, 425 (2d Dep't 2025).

> The [NYSHRL's] list of protected classes does not include caretaker or caregiver, in contrast to the [NYCHRL] (see Administrative Code of City of NY § 8-107 [1] [a]). Thus, even under the most liberal reading of the statute (see Executive Law § 300), "caring for an ailing family member is not a protected [category] under the [NYSHRL.]"
>
> Nor does the [NYSHRL] extend to plaintiff's alleged association with a disabled person. . . . [A]lthough [ADA] and the [NYCHRL] expressly prohibit adverse employment actions 'because of the known disability of an individual with whom the qualified individual is known to have a relationship or association' (42 USC § 12112[b][4]) and 'because of the actual or perceived . . . disability . . . of a person with whom such person has a known relationship or association" (Administrative Code of City of N.Y. § 8–107[20]), the [NYSHRL] lacks a similar provision.

*Id*. (case citation omitted).

The NYCHRL bars employment discrimination on account of an individual's "caregiver

status." N.Y. City Admin. Code § 8-107(1)(a). The statute defines "caregiver" as "a person who

provides direct and ongoing care for a minor child or a care recipient." *Id*. § 8-102. The definition

of "care recipient" includes "a person with a disability" who is a "covered relative," such as a

parent, who "relies on the caregiver for medical care or to meet the needs of daily living." *Id*.

"To establish a *prima facie* case [of familial status/caregiver discrimination], a plaintiff

must show that '(1) [s]he belonged to a protected class; (2) [s]he was qualified for the position

he held; (3) [s]he suffered an adverse employment action; and (4) the adverse employment

action occurred under circumstances giving rise to an inference of discriminatory intent.'"

*Kurtanidze v. Mizuho Bank, Ltd.*, No. 23-CV-08716 (PAE), 2024 WL 1117180, at *16 (S.D.N.Y. Mar.

13, 2024) (citation omitted).

### 2.    Analysis

In the present case, Plaintiff has pled plausible familial status and caregiver discrimination claim against Walgreens under the NYSHRL and NYCHRL. respectively. First, Plaintiff was in a protected class as a parent under the NYSHRL and as a caregiver under the NYCHRL. Second, she was qualified for the job she held. Third, Plaintiff alleges adverse employment actions within the limitations period that are addressed in Discussion Section II.F.1, *supra* (*i.e.*, her assignments to remote stores in 2020, her failure to receive a promotion in 2020, her negative performance evaluation in November 2021 and her termination in February 2022). Finally, the TAC contains plausible allegations that the foregoing adverse employment actions occurred under circumstances giving rise to an inference of discriminatory intent. For example, Plaintiff alleges that she was assigned to remote stores in 2020 by District Manager Couch after he told Plaintiff that, because of her family situation, caring for her child and being a parent to a child with a serious health condition, she should step down or resign. (TAC ¶¶ 140, 142, 144.) During the same time period, Plaintiff alleges that District Manager Couch declined to promote her even though she was qualified and there were positions available. (*Id*. ¶ 145.) Plaintiff also alleges that the negative performance review that Plaintiff received in November 2021 was at a time when she was on approved leave to care for her minor child and her termination occurred within weeks of the end of her leave. (*Id*. ¶¶ 157, 166.) At the pleading stage, the Court finds these allegations sufficient to plausibly allege that Plaintiff was treated less well because of her familial and/or caregiver status.

Accordingly, it is recommended that the Walgreens Defendants' motion to dismiss Counts XV and XVI be denied.

**H.** **Counts XVII, XVIII And XIX: Retaliation Claims Under ADA, NYSHRL And NYCHRL**

In Counts XVII, XVIII and XIX, Plaintiff alleges retaliation claims against Walgreens under the ADA, the NYSHRL and the NYCHRL. (TAC ¶¶ 610-40.)

**1.** **Legal Standards**

To maintain a retaliation claim under the ADA, Plaintiff must show that she (1) engaged in a protected activity (2) of which defendant was aware, (3) was subjected to an adverse employment action and (4) a causal connection existed between the adverse employment action and her protected activity. *See Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002).

To maintain a retaliation claim under the NYSHRL, a plaintiff must show (1) that she participated in an activity protected by the NYSHRL, (2) that her participation was known to her employer, (3) that her employer thereafter subjected her to a materially adverse employment action, and (4) that there was a causal connection between the protected activity and the adverse employment action. *See Benzinger v. Lukoil Pan Americas LLC & Litasco S.A.*, No. 16-CV-08533 (PAE), 2020 WL 1322478, at *15 (S.D.N.Y. Mar. 20, 2020) (citing *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 552 (2d Cir. 2010)).

"The NYCHRL imposes an identical standard to that of the NYSHRL, except that the plaintiff need not prove any adverse employment action; instead, [s]he must prove that something happened that would be reasonably likely to deter a person from engaging in protected activity." *Benzinger*, 2020 WL 1322478, at *20 (internal citation, quotation marks and alterations omitted). Under the NYCHRL, the protected activity need only have been "a motivating factor" in the adverse action. *Ottoson v. SMBC Leasing & Fin., Inc.*, No. 13-CV-01521 (JPO), 2020 WL 881992, at *5 (S.D.N.Y. Feb. 24, 2020) (citing *Mihalik*, 715 F.3d at 115).

41

Under the NYCHRL, a plaintiff also must show "that there was a causal connection between the protected activity and the employer's subsequent action." *Adams v. Equinox Holdings, Inc.*, No. 19-CV-08461 (AJN), 2020 WL 5768921, at *6 (S.D.N.Y. Sept. 28, 2020) (citing *Moccio v. Cornell Univ.*, 889 F. Supp. 2d 539, 592 (S.D.N.Y. 2012)); *see also Thomson v. Odyssey House*, No. 14-CV-03857 (MKB), 2015 WL 5561209, at *25 (E.D.N.Y. Sept. 21, 2015), *aff'd*, 652 F. App'x 44 (2d Cir. 2016) (under NYCHRL, "a plaintiff still must allege a causal connection between the employer's action and the plaintiff's conduct"). When considering causation, courts apply the same temporal-proximity analysis to NYCHRL and NYSHRL retaliation claims as they do to Title VII claims. *See Moccio*, 889 F. Supp. 2d at 592.

### 2.    Analysis

The Walgreens Defendants argue that Plaintiff's retaliation claims should be dismissed because "an ADA retaliation claim cannot be premised upon a request for an accommodation" and Plaintiff fails to plausibly allege a connection between any protected activity and any adverse employment action. (Walgreens 8/29/25 Mem. at 16.)

Under the ADA, "making a good faith request for an accommodation is a protected activity." *Norman v. NYU Langone Health Sys.*, 492 F. Supp. 3d 154, 166 (S.D.N.Y. 2020) (citing *Weixel v. Bd. of Educ. of City of N. Y.*, 287 F.3d 138, 149 (2d Cir. 2002)), *aff'd*, 2021 WL 5986999 (2d Cir. Dec. 17, 2021).[23] A request for an accommodation also is a protected activity under the

---

[23] The Walgreen Defendants' reliance on *Vega v. Dep't of Educ.*, 2020 WL 1505564, at *10 (S.D.N.Y. Mar. 30, 2020) (*see* Walgreens 8/29/25 Mem. at 16) is misplaced. As the cases cited by *Vega* make clear, the point there is that where the protected activity is requesting a reasonable accommodation, the alleged retaliation cannot simply be the denial of that same request. *See Vega*, 2020 WL 1505564, at *10; *see also Missick v. City of New York*, 707 F. Supp. 2d 336, 356 (E.D.N.Y. 2010) ("[Defendant's] alleged failure to accommodate [Plaintiff's] disability subsequent to an ADA . . . protected request cannot be bootstrapped into a viable disability retaliation claim.").

42

NYCHRL, as amended effective November 11, 2019. *See* N.Y.C. Admin. Code § 8-107(7)(v); *see also Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 722 (S.D.N.Y. 2020) ("The City Council's amendment, effective November 11, 2019, makes clear that requesting a reasonable accommodation is a protected activity under the NYCHRL."). However, under the NYSHRL, a "request for a reasonable accommodation is not considered a protected activity." *Khademi v. Aanika Biosciences, Inc.*, No. 24-CV-05130 (OEM) (JRC), 2025 WL 1787046, at *11 (E.D.N.Y. June 28, 2025) (citing cases).

Plaintiff also has adequately alleged a causal connection between the request for an accommodation and the adverse employment action. A plaintiff may establish causation either "directly by evidence of retaliatory animus" or "indirectly by means of circumstantial evidence, for example, by showing that the protected activity was followed by adverse treatment in employment." *Morales v. City of New York*, No. 22-CV-09250, 2022 WL 2840035, at *2 (2d Cir. 2022). "Temporal proximity is strong circumstantial evidence of improper intent." *Anderson v. State of New York, Office of Court Admin.*, 614 F. Supp. 2d 404, 430 (S.D.N.Y. 2009). "On a motion to dismiss, a reasonable inference of a causal connection is all that is required." *Gonzalez v. City of New York*, 377 F. Supp. 3d 273, 295 (S.D.N.Y. 2019) (citing *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 418 (2d Cir. 1999)).

Plaintiff alleges that she requested an accommodation on January 17, 2022 and was terminated on February 17, 2022 (TAC ¶¶ 278, 295.) The one-month lapse between the protected activity and the adverse employment action creates a reasonable inference of a causal connection. *See Ibela v. Allied Universal*, No. 21-1995-CV, 2022 WL 1418886, at *2 (2d Cir. May 5, 2022) (adverse action within two months of reasonable accommodation request sufficient to

plausibly allege causal connection); *see also Graham v. Macy's, Inc.*, No. 14-CV-03192 (PAE), 2016 WL 354897, at *23 (S.D.N.Y. Jan. 28, 2016) ("[C]ourts in this Circuit generally hold that a gap longer than two months severs the inferred causal relationship."), *aff'd*, 675 F. App'x 81 (2d Cir. 2017).[24]

By reason of the foregoing, Plaintiff plausibly has pled a retaliation claim under both the ADA and the NYCHRL, but not the NYSHRL (since under the NYSHRL, Plaintiff has not pled a protected activity). Accordingly, it is recommended that Walgreens' motion to dismiss Count XVIII be granted and that its motion to dismiss Counts XVII and XIX be denied.

I. **Counts XX, XXI And XXII: Hostile Work Environment Claims Under ADA, NYSHRL And NYCHRL**

In Count XX, Plaintiff alleges a hostile work environment claim against Walgreens under the NYSHRL; in Count XXI, Plaintiff alleges a hostile work environment claim against Walgreens under the NYCHRL; and in Count XXII, Plaintiff alleges a hostile work environment claim against Walgreens under the ADA.[25] (TAC ¶¶ 641-65.)

1. **Legal Standards**

The Second Circuit has articulated the standards for an ADA hostile work environment claim, as follows:

---

[24] To the extent Plaintiff asserts that the November 2021 performance review was in retaliation for utilizing leave (TAC ¶¶ 157-60), she has not plausibly alleged that she engaged in protected activity under those the NYSHRL and NYCHRL. *See, e.g.*, *Fernandez v. Windmill Distrib. Co.*, 159 F. Supp. 3d 351, 367 (S.D.N.Y. 2016).

[25] The parenthetical description of Count XXII states that Plaintiff is pleading a hostile work environment claim under the ADA and Title VII. (*See* TAC at p. 107.) The Court assumes the reference to Title VII to be an error since there are no substantive allegations asserting a violation of Title VII. In any event, any Title VII claim should be dismissed because Plaintiff does not allege that she suffered a hostile work environment because of her race, color, religion, sex or national origin. *See* 42 U.S.C. § 2000e-2(a)(1).

> [T]o establish a hostile work environment claim, [a plaintiff] must show, *inter alia*, that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of . . . her work environment and that the harassment was based on her protected group. A plaintiff must show not only that she subjectively perceived the environment to be abusive, but also that the environment was objectively hostile and abusive. A mild, isolated incident does not make a work environment hostile. The test is whether the harassment is of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse.

*Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, 767 F. App'x 123, 128 (2d Cir. 2019) (cleaned up); *see also Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 74 (2d Cir. 2019).

"Under the NYCHRL, . . . there is no distinction between a claim premised on the creation of a hostile work environment (a species of harassment claim) and one premised on unlawful discrimination[.]" *McSweeney v. Cohen*, 776 F. Supp. 3d 200, 246 (S.D.N.Y. 2025) (citations omitted). Under the NYCHRL and the NYSHRL, "a plaintiff need not establish that the conduct was severe or pervasive, only that she has been treated less well than other employees because of a protected characteristic." *Id.* (citing *Russo v. N.Y. Presbyterian Hosp.*, 972 F. Supp. 2d 429, 450 (E.D.N.Y. 2013) (quotation marks omitted)). "The conduct alleged . . . must exceed 'what a reasonable victim of discrimination would consider petty slights and trivial inconveniences,' and 'mere personality conflicts' will not suffice." *Marseille v. Mount Sinai Hosp.*, No. 21-2140, 2022 WL 14700981, at *2 (2d Cir. Oct. 26, 2022) (quoting *Bilitch v. N.Y.C. Health & Hosps. Corp.*, 194 A.D.3d 999, 1003 (2d Dep't 2021)).

"Hostile environment claims . . . are different in kind from discrete acts, as their very nature involves repeated conduct." *Davis-Garett v. Urb. Outfitters, Inc.*, 921 F.3d 30, 42 (2d Cir. 2019) (citing *Morgan*, 536 U.S. at 115) (cleaned up); *see also King v. Aramark Servs. Inc.*, 96 F.4th 546, 562 (2d Cir. 2024) ("A discrete act that contributes to a hostile work environment and falls

45

within the limitations period allows a factfinder to consider 'the entire time period of the hostile environment for the purposes of determining liability.") (cleaned up).

2.      **Analysis**

The Walgreens Defendants argue that Plaintiff has failed to plausibly allege any timely comments or actions that amount to more than isolated and episodic incidents, or that would indicate that any Walgreens employee exhibited hostility because of any protected characteristic, whether it be disability, association with a disabled person, familial status, or caregiver status. (Walgreens 8/29/25 Mem. at 14-15.) Plaintiff asserts that she was subject to a continuous course of harassing and discriminatory conduct that intensified after Defendants became aware of Plaintiff's disability. (Pl.'s Walgreens 1/12/26 Opp. at 22.)

In the TAC, Plaintiff alleges that the denial of her request for accommodation and termination were part of a longer pattern of hostile conduct based on her associated with a disabled person, family situation, need to take medical leave and, eventually, her disability. (*See, e.g.*, TAC ¶ 59, 166, 315.) Thus, while the whole of the TAC is not plausibly related to timely acts of discrimination, the Court finds, at this stage, that Plaintiff plausibly has alleged a connection between her termination and other conduct going back to at least November 2019, given that such conduct involved at least one supervisor who Plaintiff alleges also was involved in the decision to terminate her in February 2022 (TAC ¶ 201), and that such conduct was sufficiently severe and pervasive to alter the conditions of her work environment. *See Dipinto v. Westchester Cnty.*, No. 18-CV-00793 (PMH), 2020 WL 6135902, at *6 (S.D.N.Y. Oct. 19, 2020) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003)) (denying motion to dismiss ADA hostile work

46

environment claim and noting that "the Second Circuit has cautioned against 'setting the bar too high' at the motion to dismiss stage").

For purposes of the NYSHRL and NYCHRL claims, the Court already has considered Plaintiff's allegations going back to at least March 7, 2020 and found that they plausibly allege that she was treated less well at least in part because of disability. Accordingly, because the standard is the same for Plaintiff's claim styled as a hostile work environment, the Court finds that Plaintiff also has alleged plausible disability-based hostile work environment claims under the NYSHRL and the NYCHRL. *See McSweeney*, 776 F. Supp. 3d at 246. In any event, these claims are sufficient to survive dismissal for the same reasons as Plaintiff's ADA claims. *See Hughes v. City of New York*, No. 20-CV-03341 (AMD) (RLM), 2021 WL 7542440, at *7 (E.D.N.Y. Aug. 25, 2021).

Accordingly, it is recommended that Walgreens' motion to dismiss Plaintiff's ADA, NYSHRL and NYCHRL hostile work environment claims (Counts XX, XXI and XXII) be denied.

### III. Leave to Amend

In her opposition memoranda, Plaintiff requests leave to amend in order to address any pleading deficiencies. (*See* Pl.'s 1/12/26 Walgreens Opp. Mem. at 39; Pl.'s 1/12/26 Sedgwick Opp. Mem. at 25.) The Second Circuit has counseled strongly against dismissal of claims with prejudice prior to "the benefit of a ruling" that highlights "the precise defects" of those claims. *Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190-91 (2d Cir. 2015); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead."). *Pro se* litigants "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." *Matima v. Celli*, 228

47

F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, "[l]eave may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)) (internal quotation marks omitted).

It is recommended that Plaintiff be denied leave to amend certain claims because amendment would be futile. First, Plaintiff should not be given leave to amend Counts I and III through V, under ERISA § 502(a)(1)(B) and § 510, because they are time-barred. Second, Plaintiff should not be given leave to amend her failure to accommodate claims against Sedgwick (Counts IX-XI) since the Court finds that better pleading will not cure the deficiencies. Third, Plaintiff should not be given leave to amend Count XII (ADA failure to engage in an interactive process) and Count XIII (NYSHRL failure to engage in an interactive process) because there is no independent claim under the ADA or the NYSHRL for failure to engage in an interactive process. However, Plaintiff should be given leave to amend Count XVIII (NYSHRL retaliation) because she may be able to allege facts to state a plausible claim for relief. With respect to the remaining claims, the Court recommends denying Defendants' motions with respect to such claims and, thus, leave to amend is not required.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendants' motions to dismiss be GRANTED IN PART and DENIED IN PART. Specifically, it is recommended that the

48

Walgreens Defendants' motion, pursuant to Rule 8, to dismiss the TAC be denied; that the Walgreens Defendants' motion, pursuant to Rule 12(b)(6), be granted in part thereby dismissing Count I (ERISA § 502(a)(1)(B)), Counts III through V (ERISA § 510), Count XII (ADA failure to engage in an interactive process), Count XIII (NYSHRL failure to engage in an interactive process) and Count XVIII (NYSHRL retaliation); and that the Walgreens Defendants' motion be denied with respect to Count II (ERISA § 502(a)(3)), Count VI (ADA disability discrimination), Count VII (NYSHRL disability discrimination), Count VIII (NYCHRL disability discrimination), Count IX (ADA failure to provide a reasonable accommodation), Count X (NYSHRL failure to provide a reasonable accommodation), Count XI (NYCHRL failure to provide a reasonable accommodation), Count XIV (NYCHRL failure to engage in an interactive process), Count XV (NYSHRL familial status discrimination), Count XVI (NYCHRL caregiver discrimination), Count XVII (ADA retaliation), Count XIX (NYCHRL retaliation), Count XX (ADA hostile work environment), Count XXI (NYSHRL hostile work environment) and Count XXII (NYCHRL hostile work environment).

It is further recommended that Sedgwick's motion, pursuant to Rule 12(b)(6), be granted on all counts, except for Count II (ERISA § 502(a)(3)). Finally, it is recommended that leave to amend be granted to the limited extent set forth in Discussion Section III, *supra*.

The Notice of Motion filed on behalf of the Walgreens Defendants makes a request for oral argument (*see* Walgreens 8/29/25 Not. of Mot.), which Plaintiff opposes. (*See* Pl.'s 1/12/06 Ltr. Mot., ECF No. 235.) Because the Court finds that oral argument is not necessary to make its recommendations herein, the request for oral argument is DENIED. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 235.

Dated:      February 3, 2026
            New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

*          *          *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Caproni.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).