UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

ESMIRALDA KONYUKHOVA,

                             Plaintiff,

              -against-

WALGREEN COMPANY, d/b/a/ WALGREENS,
SEDGWICK CLAIMS MANAGEMENT
SERVICES, & WALGREENS COMPANY PAID
DISABILITY PLAN FOR SALARIED TEAM
MEMBERS, PHARMACISTS, &
PARAPROFESSIONALS, WALGREENS
HEALTH & WELFARE PLAN COMMITTEE,
WALGREEN HEALTH AND WELFARE PLAN,

                             Defendants.

----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/31/2026____

24-CV-4390 (VEC) (SDA)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

This Court referred Defendants' Motions to Dismiss Plaintiff's Third Amended Complaint ("TAC"), at Dkts. 178 and 181, to Magistrate Judge Stewart D. Aaron. In his February 3, 2026, Report & Recommendation ("R&R"), Judge Aaron recommended that Defendants' Motions be granted in part and denied in part. R&R, Dkt. 238. Plaintiff and Defendants objected to the R&R and responded to each other's objections. Objs. to R&R, Dkts. 242–243; Resps. to Objs. to R&R, Dkts. 248–251. This Court has reviewed the R&R, which is now adopted in full, and the Motions to Dismiss are GRANTED in part and DENIED in part.

## FACTUAL BACKGROUND

The Court assumes familiarity with the extensive background of this litigation and refers the reader to the R&R for a more detailed factual background and procedural history of this case.

For the purposes of this Order, the Court summarizes only the facts most pertinent to the instant Motions.  The Court also accepts the factual allegations in the TAC — and Plaintiff's Opposition — as true and draws all reasonable inferences in Plaintiff's favor.  *See* Pl.'s Mems. of Law in Opp'n to Mots. to Dismiss, Dkts. 233–234 ("Pl.'s Opp'n")*; City of Providence v. Bats Glob. Mkts., Inc.*, 878 F.3d 36, 48 (2d Cir. 2017); *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

Plaintiff, Esmiralda Konyukhova, is a licensed, registered pharmacist in New York state. Pl.'s Third Am. Compl., Dkts. 125–128 ("TAC") ¶ 42.  She began working as a full-time staff pharmacist at Walgreens in April 2010.  *Id.*

The "Walgreens Defendants" are Walgreen Company, doing business as Walgreens; Walgreens Company Paid Disability Plan for Salaried Team Members, Pharmacists, and Paraprofessionals ("Plan"); Walgreen Health and Welfare Plan; and Walgreens Health & Welfare Plan Committee.  The remaining Defendant, Sedgwick Claims Management Services ("Sedgwick"), is the Claims Administrator for the Plan.[1]

Plaintiff alleges that in January 2014 she requested changes to her work schedule to care for her disabled parents.  *Id.* ¶¶ 44–58.  The pharmacy and district manager denied her requests. *Id.*  The pharmacy manager then began setting unrealistic work expectations for her and harassing her.  *Id.* ¶¶ 59–62.  The pharmacy manager also voiced complaints about Plaintiff to the district manager, who condoned the pharmacy manager's actions.  *Id.* ¶¶ 63–66.  They repeatedly suggested that Plaintiff should reduce her hours or quit.  *Id.* ¶¶ 58, 62, 67, 71.

In early 2015, Plaintiff was granted Family and Medical Leave Act ("FMLA") maternity leave and six weeks of disability benefits, but she was later denied an extension.  *Id.* ¶¶ 68–69.

---

[1]    As in the R&R, these parties are collectively referred to as "Defendants."  R&R, Dkt. 238 at 1 n.1.

Upon her return to work, the pharmacy manager and a new district manager harassed her, specifically regarding her sales numbers. *Id.* ¶¶ 69–70, 73–74. Plaintiff was passed over for promotions and, in early 2017, demoted to a floater position. *Id.* ¶¶ 75–76, 82, 91, 96, 101, 103–104.

Plaintiff was later reinstated to a permanent staff position and granted pregnancy leave from August to October 2017. *Id.* ¶¶ 108, 111. In December 2017, she received an allegedly unfounded negative performance review, and, in January 2018, she filed internal complaints regarding the negative performance review. *Id.* ¶¶ 112, 124–125.

Between January and May 2018, Plaintiff was granted disability leave, which transitioned into FMLA leave. *Id.* ¶ 126. The earlier negative performance review was removed from her file, and her request to be transferred to another district was honored. *Id.* ¶¶ 132–133. According to Plaintiff, the new district was no better; she was again harassed for requesting and taking leave. *Id.* ¶¶ 135–138. In early 2019, Plaintiff was granted one month of disability leave and then intermittent paid state family leave. *Id.* ¶¶ 137, 144. The store in which she was working then closed permanently, and she was again demoted to a floater position. *Id.* ¶¶ 140–141. Her requests for a promotion were denied. *Id.* ¶ 145.

From March 2020 until August 2021, Plaintiff was granted leave pursuant to Walgreens' COVID-19 leave of absence program. *Id.* ¶¶ 148–149. She was then approved for paid state family leave from September to November 2021. *Id.* ¶ 154. While she was on leave, Plaintiff received another negative performance review (addressing her "performance" during the time she was on leave); that negative review rendered her ineligible for bonuses, promotions, and transfers. *Id.* ¶¶ 154, 162–165.

Plaintiff became disabled in November 2021. *Id.* ¶ 3. She was granted unpaid leave through the end of the year and applied for short-term disability benefits. *Id.* ¶¶ 167–168, 200, 212. In January 2022, her claim for short-term disability benefits was denied, and she appealed. *Id.* ¶¶ 217, 510. She also applied for three more months of unpaid medical leave (starting in January 2022 and ending in April 2022), but, on February 14, 2022, she was told that her request could not be accommodated. *Id.* ¶¶ 252, 270. Three days later, her appeal of the denial of short-term disability benefits was denied, and she was terminated with an effective date of December 31, 2021. *Id.* ¶¶ 297, 314, 511–512. Plaintiff appealed the denial of short-term disability benefits. That appeal was successful in November 2022, and she received those benefits the following month. *Id.* ¶¶ 219, 421, 424.

In December 2022, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging discrimination and retaliation based on disability. *Id.* ¶ 16. She received a right-to-sue letter. *Id.* ¶ 18. In February 2023, Plaintiff filed a complaint with the New York State Division of Human Rights ("SDHR"), alleging familial status and disability discrimination and/or retaliation, but she later dismissed that complaint. *Id.* ¶¶ 17, 19.

## PROCEDURAL HISTORY

This action was first filed in June 2024. Compl., Dkt. 1. At that time, Plaintiff was represented by counsel; counsel later withdrew at Plaintiff's request. Letters, Dkts. 29, 35; Order, Dkt. 39. In January 2025, the case was referred to Judge Aaron for general pretrial purposes and to make reports and recommendations regarding dispositive motions. Order, Dkt. 59.

4

In May 2025, Plaintiff, with leave of Judge Aaron, filed the TAC, alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and the Employee Retirement Income Security Act ("ERISA"). Order, Dkt. 106; TAC.  The Defendants, in two separate motions, moved to dismiss the TAC. Defs.' Mems. of Law in Supp. re: Mots. to Dismiss Pl.'s TAC, Dkts. 178, 181.  Plaintiff opposed the Motions, and Defendants replied.  Pl.'s Opp'n, Dkts. 233–234; Defs.' Reply Mems. of Law in Supp. re: Mots. to Dismiss, Dkts. 236–237.

On February 3, 2026, Judge Aaron filed an R&R recommending that Defendants' Motions to Dismiss be granted in part and denied in part.  R&R, Dkt. 238.  Plaintiff and Defendants objected to the R&R and responded to each other's objections.  Objs. to R&R, Dkts. 242–243; Resps. to Objs. to R&R, Dkts. 248–251.

## LEGAL STANDARDS

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  When no timely objections are made to a magistrate judge's R&R, a district court may adopt the R&R unless a "clear error on the face of the record" is present.  *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).  Clear error exists only when the reviewing court is left with a "definite and firm conviction that a mistake has been committed."  *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)).

Where a party has made specific, written objections to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly

objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citing 28 U.S.C. § 636(b)(1)).  To warrant *de novo* review, the objections must be "specific" and "address only those portions of the proposed findings to which the party objects." *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (citation omitted).  If "a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [R&R] for clear error."  *Id.*; *see, e.g.*, *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865 (LTS) (GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *O'Callaghan v. N.Y. Stock Exch.*, No. 12-CV-7247 (AJN) (SN), 2013 WL 3984887, at *1 (S.D.N.Y. Aug. 2, 2013) (collecting cases), *aff'd*, 563 F. App'x 11 (2d Cir. 2014).

Submissions by *pro se* litigants are construed more leniently than submissions by lawyers and are interpreted "to raise the strongest arguments that they suggest."  *See Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, a *pro se* plaintiff "must still plead enough facts to state a claim to relief that is plausible on its face."  *Owens v. City of New York*, No. 14-CV-00966 (KBF), 2015 WL 715841, at *1 (S.D.N.Y. Feb. 19, 2015) (citing *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)); *see also Shamilov v. City of New York*, No. 20-CV-10224 (LTS), 2024 WL 708193, at *4 (S.D.N.Y. Feb. 21, 2024) (Fed. R. Civ. P. 8 applies to *pro se* litigants).  *Pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'"  *Jackson v. N.Y. State Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**DISCUSSION**

**I.    The Walgreens Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 8(a) Grounds Is Denied**

Judge Aaron recommends that the Walgreens Defendants' Motion to Dismiss the TAC under Fed. R. Civ. P. 8(a), which requires that the complaint contain a short and plain statement of its claims for relief, be denied. *Twombly*, 550 U.S. at 555; *Ercole v. Wilkie*, No. 19-CV-11961 (VSB), 2023 WL 6812300, at *3 (S.D.N.Y. Oct. 16, 2023). Neither party objects. As such, the Court reviews his recommendation for clear error. *See Phillips*, 955 F. Supp. 2d at 211 (quoting *Nelson*, 618 F. Supp. at 1189).

Upon careful review, the Court finds no clear error in Judge Aaron's recommendation to the Court on this front. The TAC contains 665 paragraphs spanning 110 pages. TAC. The pleadings are neither short nor plain, but the claims are discernable. *See Santiago v. Butler Co.*, No. 08-CV-01297 (CSH), 2012 WL 527699, at *6 (D. Conn. Feb. 17, 2012) (quoting *Stanley v. Harper Buffing Machine Co.*, 28 F.R.D. 579, 581 (D. Conn. 1984)) ("[T]he court is not permitted to impose a sanction as drastic as a judgment of dismissal would be to force legally artistic pleading, but 'must look beyond the mere mountain of words to the meaning sought to be conveyed.'"). Thus, this portion of the Walgreens Defendants' Motion to Dismiss is denied. This Court nonetheless echoes Judge Aaron's note of caution to Plaintiff that any future pleadings must strictly comply with Fed. R. Civ. P. 8 to minimize the burden on Defendants and the Court. *See* R&R, Dkt. 238 at 10.

## II.    Defendants' Rule 12(b)(6) Motion to Dismiss Count I (ERISA § 502(a)(1)(B)) Is Granted[2]

In Count I of the TAC, Plaintiff asserts a claim against all Defendants for delayed payment of benefits under ERISA § 502(a)(1)(B).  TAC ¶¶ 469–474.  Plaintiff initially applied for short-term disability benefits in November 2021 and did not receive them until December 2022.  *Id.* ¶¶ 200, 217, 219, 297, 421, 424.  Defendants argue that this count is time-barred and should be dismissed for failure to state a claim.  Walgreens Defs.' Mem. of Law in Supp. re: Mot. to Dismiss Pl.'s Third Am. Compl., Dkt. 179 ("Wal. Defs.' Mot.") at 17–19; Sedgwick's Mem. of Law in Supp. re: Mot. to Dismiss Pl.'s Third Am. Compl., Dkt. 182 ("Sedgwick's Mot.") at 2, 14–15.

ERISA does not contain a specific statute of limitations for this cause of action.  *See Burke v. PricewaterhouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 78 (2d Cir. 2009).  Absent a contrary controlling statute, a participant and a plan may contractually agree to a particular limitations period, so long as it is not unreasonably short.  *See Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105–106 (2013).  The summary description for the Plan provides that no legal action shall be commenced more than a year after the denial of benefits.  Summary Plan Description, TAC Ex. 5, Dkt. 128-5 at 20.  A one-year limitations period is not unreasonably short.  *See Spillane v. New York City Dist. Council of Carpenters*,

---

[2]    Neither party objected to Judge Aaron's recommendations to grant the Defendants' Motions to Dismiss as they pertain to Count XII (failure to engage in an interactive process under the ADA) and Count XIII (failure to engage in an interactive process under NYSHRL).  The Court has also reviewed these findings for clear error and finds none.  Those portions of the Motions are, accordingly, granted.

There are also some objections which are, arguably, merely a recitation of original arguments or otherwise conclusory or general.  *See, e.g.*, *infra* at 16 n.5 (concerning the Walgreens Defendants' argument regarding tolling related to the EEOC charge and SDHR complaint); *infra* at 11 (concerning Plaintiff's argument regarding equitable tolling).  These objections are only entitled to review for clear error.  Nonetheless, especially in Plaintiff's case, given the leniency afforded to *pro se* litigants, the Court will review the portions of the R&R that these objections address *de novo*.

No. 23-247, 2024 WL 221816, at *2 (2d Cir. Jan. 22, 2024) (citing *Heimeshoff*, 571 U.S. at 109–110).

The Plan documents and the February 21, 2022, denial letter properly gave notice of the limitations period. Decl. of Ashley Hale, Denial Letter, Dkt. 215 at Ex. A; *cf. Popovchak v. UnitedHealth Grp. Inc.*, 692 F. Supp. 3d 392, 406 (quoting *Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 107–108 (2d Cir. 2003)) ("A written notice of denial that 'fails to substantially comply with these requirements does not trigger a time bar contained within the plan.'"). Plaintiff did not assert her claims in a timely manner: Plaintiff received notice of the final outcome of her appeal in November 2022, but she did not file her § 502 claims until March 2025. TAC ¶¶ 219; Pl.'s Second Am. Compl., Dkt. 68 ¶¶ 417–439. Plaintiff objects on the grounds that not every letter contained — and specifically that the January 6, 2022, and June 8, 2022, letters did not contain — notice of the limitations period. Pl.'s Objs. to R&R, Dkt. 242 ("Pl.'s Objs.") at 2. The explicit mentions of a consistent and reasonable limitations period in the Plan documents and in one denial letter are sufficient. This may not have been perfect notice, but it was legally adequate.

Defendants' Motion to Dismiss Count I is granted.

### III.   Defendants' Rule 12(b)(6) Motion to Dismiss Count II (ERISA § 502(a)(3)) Is Denied[3]

Count II asserts claims against all Defendants for breach of fiduciary duty under ERISA § 502(a)(3). TAC ¶¶ 475–499. The Walgreens Defendants argue that this count should be dismissed for failure to state a claim, while Sedgwick argues that it is time-barred and should be

---

[3]    Even after the extension of time to file objections to the R&R, Sedgwick joined the Walgreens Defendants' objections to the R&R as they related to Count II after the deadline. Order, Dkt. 241; Sedgwick's Resp. to Pl.'s Objs. to R&R, Dkt. 249 ("Sedgwick's Resp.") at 1; Letter, Dkt. 250. Because Walgreens made timely objections, its arguments are considered here. Sedgwick could have joined those objections within the 21-day period but did not. Sedgwick's untimely joining of those objections precludes appellate review.

dismissed as to Sedgwick, as Sedgwick is not a fiduciary.  Wal. Defs.' Mot. at 19–23;

Sedgwick's Mot. at 15–18.

Plaintiff has stated a claim through adequate allegations regarding Defendants'

incomplete or misleading communications regarding the terms of the Plan, her claim status, her

benefits, and her requests.  *See Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 88 (2d

Cir. 2001) ("[W]hen a plan administrator . . . fails to provide information when it knows that its

failure to do so might cause harm, the plan administrator has breached its fiduciary duty to

individual plan participants and beneficiaries."); *D'Iorio v. Winebow, Inc.*, 920 F. Supp. 2d 313,

326 (E.D.N.Y. 2013).  The one-year limitations period set forth in the Plan and referenced above

does not apply to fiduciary duty claims.  *See* R&R, Dkt. 238 at 17–18.  Plaintiff also plausibly

alleges that Sedgwick was a fiduciary because (1) the Plan explicitly permits Walgreens to

delegate fiduciary responsibilities to Sedgwick and (2) Sedgwick allegedly exercised fiduciary

functions.  *See Lutz v. Kaleida Health*, No. 18-CV-01112 (EAW), 2019 WL 3556935, at *3

(W.D.N.Y. Aug. 5, 2019) ("The question of whether one is a functional fiduciary is fact-

intensive and the court must accept well-pled allegations as true when ruling on a motion to

dismiss.").

The Walgreens Defendants argue that "[t]he TAC does not plausibly allege that the

Walgreens Defendants made or reviewed any communications about Plaintiff's claim for

benefits."  Wal. Defs.' Objs. to R&R, Dkt. 243 ("Wal. Defs.' Objs.") at 22 (emphasis removed).

They claim that the only documents mentioned in the R&R in which they had a role that could fit

the description of incomplete and misleading communications are the Plan document and

description.  *Id.*  This Court disagrees, as various other communications with Plaintiff and

Sedgwick may fall into this category.  *See* TAC ¶¶ 210, 211, 235–237, 306, 493.  The Walgreens

Defendants also argue that Plaintiff's ERISA § 502(a)(3) claim should be dismissed because she seeks "monetary, not equitable" relief.  Wal. Defs.' Objs. at 23.  A *pro se* Plaintiff naming some potentially impermissible forms of relief alongside a permissible form of relief (here, the equitable remedy of reinstatement) does not require dismissal of a claim.  TAC ¶ 499; *see* R&R, Dkt. 238 at 17.

Defendants' Motion to Dismiss Count II is denied.

### IV.    Defendants' Rule 12(b)(6) Motion to Dismiss Counts III–V (ERISA § 510) Is Granted

Counts III, IV, and V of the TAC allege violations of ERISA § 510; Plaintiff asserts, in essence, that Walgreens terminated her to avoid its obligations under the Plan.  TAC ¶¶ 500–539. Defendants argue that these claims are time-barred.  Wal Defs.' Mot. at 23–26; Sedgwick's Mot. at 8–9.  Because ERISA § 510 does not specify a statute of limitations, the applicable statute of limitations is based on the most analogous state law cause of action.  *See Sandberg v. KPMG Peat Marwick, L.L.P.*, 111 F.3d 331, 333 (1997).  Based on New York Workers' Compensation Law § 120, a two-year statute of limitations is appropriate.  *See, e.g.*, *Williams v. AAA S. New England*, No. 13-CV-00855 (VB), 2015 WL 864891, at *3 (S.D.N.Y. Mar. 2, 2015).

Plaintiff suggests that Illinois law — based on Walgreens' state of incorporation and headquarters but no other facts suggesting a nexus with Illinois — should apply so that the claim would not be time-barred.  Pl.'s Objs. at 5–8; Sedgwick's Resp. at 4–5 (citing *Berger v. AXA Network LLC*, 459 F.3d 804 (7th Cir. 2006)) ("[A] federal court selects a statute of limitations from the forum state's law unless another state has more significant contacts with the dispute."). Putting aside the fact that this argument was not raised before Judge Aaron, the Court nonetheless declines to apply Illinois law over New York law, given the absence of discernable ties to Illinois and the numerous strong ties between this case and New York.  *See Nambiar*

11

*v. Central Orthopedic Group, LLP*, 158 F.4th 349 (2025) ("A proper objection generally may not raise new arguments not previously made before the magistrate judge.").  The Court also considered but rejects Plaintiff's rehashed bid for equitable tolling.  Pl.'s Objs. at 5–8; *see also* R&R, Dkt. 238 at 21 n.12.

Here, the two-year period runs from Plaintiff's termination on February 17, 2022, despite Plaintiff's objections that it should run from a later date, such as the resolution of her second appeal (where, notably, there was no denial of benefits) or from some alleged post-termination refusals to reinstate her.  Pl.'s Objs. at 12–14; Wal. Defs.' Objs. at 5–6*; see, e.g.*, *Weir v. Holland & Knight*, No. 05-CV-09358 (LTS) (AJP), 2007 WL 1815494, at *2 (S.D.N.Y. June 25, 2007) (citing *Hoodack v. Int'l Business Machines, Inc.*, 202 F.Supp.2d 109, 113 (S.D.N.Y. 2002)) ("[ERISA] § 510 claims accrue upon notification of an employee's termination, not upon the actual deprivation of benefits."); *see also* R&R, Dkt. 238, at 21 n.11.  As a result, and because Plaintiff was terminated more than two years before she commenced this action on June 7, 2024, these claims are time-barred.

Defendants' Motion to Dismiss Counts III–V is granted.

**V.      Defendants' 12(b)(6) Motion to Dismiss Counts VI and IX (ADA Disability Discrimination) Is Granted in Part and Denied in Part**

Count VI accuses Walgreens of disability discrimination, and Count IX accuses Walgreens and Sedgwick of failure to provide reasonable accommodations, all in violation of the ADA.  TAC ¶¶ 540–546, 561–567.  Defendants argue that the claims that accrued prior to February 12, 2022, are time-barred.[4]  Wal. Defs.' Mot. at 6–7; Sedgwick's Mot. at 11–12.  The Court agrees.  Plaintiff filed her EEOC charge on December 9, 2022.  TAC ¶ 16.  An EEOC

---

[4]      Sedgwick calculates the date as February 14, 2022, instead because February 12, 2022, is a Saturday. Sedgwick's Mot. at 11 n.4.

charge must be filed within 300 days of a discriminatory act, and claims outside that window (here, claims accruing before February 12, 2022) are time-barred. *McPartlan-Hurson v. Westchester Cmty. Coll.*, 804 F. App'x 41, 43 (2d Cir. 2020) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002)).

The continuing violation doctrine, which Plaintiff argues should be used to sweep earlier events into the limitations period, does not apply to discrete acts of discrimination, such as termination or failure to accommodate. *See Morgan*, 536 U.S. at 110–115; *see also Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 205 (E.D.N.Y. 2014); *Philbert v. City of New York*, No. 21-CV-03119 (PAE), 2022 WL 94574, at *13 (S.D.N.Y. Jan. 7, 2022) (citing *Gomez v. New York City Police Dep't*, 191 F. Supp. 3d 293, 302 (S.D.N.Y. 2016)). Accordingly, any such claims that accrued prior to February 12, 2022, are time-barred.

As far as Sedgwick is concerned, the TAC does not plausibly allege that Sedgwick was Plaintiff's employer, nor do Plaintiff's Objections. Pl.'s Objs. at 16–21. Plaintiff cites examples in which third parties that controlled critical aspects of the employment relationship (*e.g.*, hiring and firing) were deemed employers, but she does not plausibly allege that Sedgwick had such authority. *Id.* at 16 (citing *Moreno v. Cap. Concrete NY Inc.*, No. 24-CV-3120 (NGG) (PK), 2025 WL 2555609, at *6 (E.D.N.Y. Sept. 5, 2025)). Plaintiff tries to paint Sedgwick's actions as "core employment decisions" rather than administrative benefit-processing tasks. *Id.* at 17. Plaintiff also argues that Sedgwick should be considered to be Walgreens' agent. *Id.* at 18. These distinctions are not borne out by the facts alleged. An employment relationship is a required element of claims for disability discrimination and failure to provide a reasonable accommodation. *See McMillan v. City of New York*, 711 F.3d 120, 125–126 (2d Cir. 2013*); Rullan v. New York City Sanitation Dep't*, No. 13-CV-05154 (JGK), 2014 WL 2011771, at *7

13

(S.D.N.Y. May 16, 2014), *aff'd*, 607 F. App'x 86 (2d Cir. 2015).  Because Plaintiff has not

plausibly alleged an employment relationship with Sedgwick, her ADA discrimination and

failure to accommodate claims against Sedgwick must be dismissed.

Plaintiff has, however, plausibly alleged claims against the Walgreens Defendants for

failure to accommodate and disparate treatment.  Regarding accommodation, the allegation that

on February 14, 2022, Defendants denied Plaintiff's January 17 request for three months of

unpaid medical leave to obtain treatment for her condition, without meaningfully engaging with

Plaintiff on the request, is sufficient to state a claim.  TAC ¶¶ 252, 270, 275, 280; *see Sobhi v.*

*Sociedad Textil Lonia Corp.*, No. 13-CV-08073 (AT) (MHD), 2014 WL 7474338, at *5

(S.D.N.Y. Dec. 30, 2014) (finding plaintiff's request for unpaid medical leave not "unreasonable

as a matter of law"); *see also Sheng v. M&TBank Corp.*, 848 F.3d 78, 87 (2d Cir. 2017) (citing

*McBride v. BIC Consumer Products Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir. 2009)) ("[A]n

employer's failure to engage in a good faith interactive process can be introduced as evidence

tending to show . . . that 'the employer has refused to make [a reasonable] accommodation.'").

Defendants argue that Plaintiff does not plead any facts suggesting that the requested leave

would have been reasonable, but the Court disagrees.  Wal. Defs.' Objs. at 13–14.  Defendants

make much of the fact that Plaintiff was not, in fact, ready to return to work in April 2022.  *Id.* at

13.  In doing so, they assume that the request was not finite when it was made, discounting the

possibility that Plaintiff's needs may have, as Plaintiff alleges, changed over time.  *Id.*; *see* Pl.'s

Resp. to Defs.' Objs. to R&R, Dkt. 248 at 5.  Although burdens on the employer are not limited

to financial burdens, the fact that Plaintiff was requesting unpaid leave speaks to a plausible lack

of burden.  Defendants are also the exclusive keepers of further information as to why this would

or would not have been burdensome.  That being the case, given the allegations already present

in the TAC (that the Court views in the light most favorable to Plaintiff) and Plaintiff's *pro se*

status, the Court rejects Defendants' arguments on this front at this stage of the litigation.

Disparate treatment was also adequately pled, given the allegations that (1) Plaintiff was

discharged shortly after requesting a reasonable accommodation and (2) at least one person

involved in the decision to terminate Plaintiff knew of her protected status and thus may have

been motivated by it.  TAC ¶¶ 167–168, 201, 255, 280; *see also Parker v. Columbia Pictures*

*Indus.*, 204 F.3d 326, 332 (2d Cir. 2000).  Defendants fault Plaintiff for her inability to allege

information that they possess.  Much of that information will likely become clearer during

discovery, such as who was involved in the termination decision.  Plaintiff plausibly alleges that

her district manager, Mr. Matli, knew of her disability because she informed him of it in

November 2021, and he played a role in terminating her shortly thereafter.  TAC ¶¶ 167–168,

201.

Counts VI and IX may proceed only as to claims against Walgreens that accrued after

February 12, 2022.  In all other respects, Counts VI and IX are dismissed.

VI.     **The Walgreens Defendants' Rule 12(b)(6) Motion to Dismiss Counts VII,**
        **VIII, X, XI, and XIV (NYSHRL and NYCHRL Disability Discrimination) Is**
        **Denied, but Sedgwick's Motion to Dismiss Counts X, XI, and XIV Is Granted**

Counts VII and VIII allege disability discrimination against Walgreens under NYSHRL

and NYCHRL, respectively.  TAC ¶¶ 547–560.  Counts X and XI allege that Walgreens and

Sedgwick failed to provide a reasonable accommodation under NYSHRL and NYCHRL,

respectively.  *Id.* ¶¶ 568–581.  Counts XIII and XIV allege that Walgreens and Sedgwick failed

to engage in an interactive process in violation of NYSHRL and NYCHRL, respectively.  *Id.*

¶¶ 588–599.

15

The Walgreens Defendants argue that all of these claims are time-barred based on the three-year limitation period. Wal. Defs.' Mot. at 6–9. The statute of limitations is, however, tolled when a plaintiff files with the EEOC or SDHR, as Plaintiff did here,[5] so long as the EEOC charge is "related" to the claims made in the litigation. *Shin v. NBC Universal Media, LLC*, No. 23-CV-10996 (LJL), 2025 WL 438297, at *11 (S.D.N.Y. Feb. 7, 2025) (citing *Parker v. Israel Disc. Bank of N.Y., Inc.*, 2022 WL 16833626, at *4 (S.D.N.Y. Nov. 9, 2022) (collecting cases)). Requesting dismissal of the complaint can interrupt the tolling for NYSHRL claims but not for NYCHRL claims. *See McSweeney v. Cohen*, No. 24-CV-01503 (LJL), 2025 WL 966022, at *34 (S.D.N.Y. Mar. 31, 2025).

A.    Timeliness of Plaintiff's NYCHRL Claims

Defendants argue that the claims in this action are time-barred because they were not the claims that were in Plaintiff's SDHR complaint. Wal. Defs.' Mot. at 6–9. According to Defendants, the SDHR complaint was focused narrowly on familial status. *Id.* at 7. The Court disagrees. The actual allegations in the SDHR complaint are broader than just familial status; the allegations include her status as a caregiver to members of her family with disabilities. *See* R&R, Dkt. 238 at 31 (citing TAC ¶¶ 5, 74, 86, 106, 556, 606, 632, 650). Defendants' argument attempts improperly to compartmentalize Plaintiff's earlier claims. Thus, the 474-day tolling period, corresponding to the time between Plaintiff filing her SDHR compliant and receiving her

---

[5]    It is a stretch to call Defendants' arguments about tolling true objections as they in large part simply reiterate arguments that appeared in earlier briefing. *Compare* Wal. Defs.' Mot. at 6–7; Sedgwick's Mot. at 12–13; Wal. Defs.' Reply Mem. of Law in Supp. re: Mot. to Dismiss, Dkt. 236 at 2–3; Def. Sedgwick's Reply Mem. of Law in Supp. re: Mot. to Dismiss, Dkt. 237 at 4 *with* Wal. Defs.' Objs. at 6–12. At most, they are an expansion. For example, the Walgreens Defendants cite some previously-uncited authority in which an EEOC charge was deemed not to toll certain claims. *See* Wal. Defs.' Objs. at 10–11 (citing *Osorio v. Source Enters., Inc.*, No. 05-CV-10029 (JSR), 2006 WL 2548425, at *3 (S.D.N.Y. Sept. 5, 2006)). Because they have not raised a proper objection, they are arguably only entitled to clear error review. Regardless of the standard of review, the Court agrees with Judge Aaron that tolling is appropriate.

SDHR notice of dismissal, dictates that NYCHRL claims that accrued on or after February 19, 2020, are timely.

### B.    Timeliness of Plaintiff's NYSHRL Claims

Because Plaintiff dismissed her SDHR complaint, her NYSHRL claims do not receive the benefit of tolling while the SDHR complaint was pending.  Those claims do, however, benefit from tolling during the pendency of her EEOC charge (457 days).  Defendants object on the grounds that the EEOC charge was unrelated.  Wal. Defs.' Mot. at 6–9.  The Court is unconvinced that the claims are as black and white as Defendants paint them.  As a result, Plaintiff's NYSHRL claims that accrued on or after March 7, 2020, are timely.

### C.    Adequacy of the TAC as to Plaintiff's NYSHRL and NYCHRL Claims Against Walgreens

NYSHRL and NYCHRL provide broader protection than the analogous federal laws.  *See Munjal v. Emirates*, No. 21-CV-8401 (PAE), 2022 WL 204775, at *9 (S.D.N.Y. Jan. 24, 2022).  Thus, because Plaintiff has adequately alleged an ADA discrimination claim in Counts VI and VII, she has also adequately alleged a violation of NYSHRL and NYCHRL.  Similarly, the same allegations that rendered Plaintiff's ADA failure to provide a reasonable accommodation claim plausible, *see* Count IX, also underlie her NYCHRL claim at Count X.  TAC ¶¶ 568–581.  *See Zam v. Mizuho Americas Services LLC*, No. 24-CV-2537 (JGLC), 2025 WL 935003, at *9 (S.D.N.Y. Mar. 27, 2025) (a plaintiff who stated a claim for disability discrimination under the ADA necessarily stated claims under NYCHRL and NYSHRL as well) (citing *Gilani v. Deloitte LLP*, No. 23-CV-04755 (JMF), 2024 WL 4042256, at *6 (S.D.N.Y. Sept. 4, 2024)).

As to Count XIV, Plaintiff has plausibly alleged a claim under NYCHRL based on Defendants' failure to engage in an interactive process.  Although correspondence was exchanged between Plaintiff and Walgreens, *see* TAC ¶¶ 252, 254, 270; Pl.'s Objs. at 16–17,

17

Plaintiff has alleged sufficient facts to support her assertion that a genuine cooperative dialogue did not occur.

The Walgreens Defendants' Motion to Dismiss Counts VII, VIII, X, XI, and XIV is denied.

> D.    Adequacy of the TAC as to Plaintiff's NYSHRL and NYCHRL Claims Against Sedgwick

Counts X, XI, and XIV allege that Sedgwick failed to provide reasonable accommodation and engage in an interactive process.  TAC ¶¶ 556–581, 594–599.  These counts cannot proceed because, as discussed *supra*, Plaintiff has not plausibly alleged that an employment relationship existed between Sedgwick and Plaintiff.  *See Ruiz v. New Avon LLC*, No. 18-CV-09033 (VSB), 2019 WL 4601847, at *12 (S.D.N.Y. Sept. 22, 2019) ("To plead a claim under the NYSHRL and NYCHRL, a plaintiff must allege an employment relationship between plaintiff and defendant.").  Although Walgreens may have partnered with Sedgwick, Plaintiff alleges that she was employed and terminated by Walgreens, which also handled her accommodation request.  Similar facts are not alleged for Sedgwick.

Sedgwick's Motion to Dismiss Counts X, XI, and XIV is granted.

## VII.    Defendants' Rule 12(b)(6) Motion to Dismiss Counts XV and XVI (NYSHRL Familial Status Discrimination and NYCHRL Caregiver Discrimination) Is Denied

Counts XV and XVI allege that Walgreens violated NYSHRL and NYCHRL by engaging in familial status discrimination and caregiver discrimination, respectively.  TAC ¶¶ 600–609.  Plaintiff alleged a *prima facie* case of familial status and caregiver discrimination by alleging that (1) she was in a protected class as a parent, (2) she was qualified for her job as a pharmacist, (3) she suffered an adverse employment action (*i.e.*, termination), and (4) the circumstances (*e.g.*, temporal proximity) give rise to an inference of discriminatory intent.  *See*

*Kurtanidze v. Mizuho Bank, Ltd.*, No. 23-CV-8716 (PAE), 2024 WL 1117180, at \*16 (S.D.N.Y. Mar. 13, 2024).  Defendants object to the Court crediting the facts alleged in the TAC as plausibly alleging that an adverse employment action occurred because of Plaintiff's disability. *See* Wal. Defs.' Objs at 4, 12.  At the motion to dismiss stage, however, Plaintiff has adequately alleged a temporal relationship between the decision-maker's knowledge of her protected status and the adverse employment action; that is sufficient.[6]

The Walgreens Defendants' Motion to Dismiss Counts XV and XVI is denied.

## VIII.    Defendants' Rule 12(b)(6) Motion to Dismiss Counts XVII, XVIII, and XIX (Retaliation Claims) Is Denied in Part and Granted in Part

Counts XVII, XVIII, and XIX allege retaliation by Walgreens under the ADA, NYSHRL, and NYCHRL, respectively.  TAC ¶¶ 610–619, 631–40.  Walgreens argues that an ADA retaliation claim cannot be premised on a request for an accommodation and that Plaintiff fails plausibly to allege a connection between the protected activity and the adverse employment action.  Wal. Defs.' Mot. at 15–17.  The Court agrees with Defendants as to Count XVIII, the NYSHRL claim, but not as to the claims under the ADA and NYCHRL.

A request for an accommodation, so long as it is made in good faith, qualifies as a protected activity under the ADA and NYCHRL.  *See Norman v. NYU Langone Health Sys.*, 492 F. Supp. 3d 154, 166 (S.D.N.Y. 2020) (citing *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 149 (2d Cir. 2002)), *aff'd*, 2021 WL 5986999 (2d Cir. Dec. 17, 2021) (ADA); *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 722 (S.D.N.Y. 2020) (NYCHRL).

A reasonable inference of a causal connection between protected activity and adverse employment action is created by the one-month lapse between Plaintiff's request for an

---

[6]    Defendants also allege that these claims are untimely because the filing of the EEOC charge did not toll the statute of limitations for Plaintiff's NYSHRL and NYCHRL claims.  Wal. Defs.' Objs. at 17.  For reasons discussed *supra* at Sections VI(A–B), the Court disagrees.

accommodation (the protected activity) and her termination (the adverse employment action). *See Anderson v. State of New York, Office of Court Admin.*, 614 F. Supp. 2d 404, 430 (S.D.N.Y. 2009) ("Temporal proximity is strong circumstantial evidence of improper intent."); *see also Graham v. Macy's, Inc.*, No. 14-CV-03192 (PAE), 2016 WL 354897, at *23 (S.D.N.Y. Jan. 28, 2016) ("[C]ourts in this Circuit generally hold that a gap longer than two months severs the inferred causal relationship."), *aff'd*, 675 F. App'x 81 (2d Cir. 2017).  As referenced *supra*, Defendants' objections regarding whether Plaintiff has adequately alleged that the decision-makers knew of her protected status are unavailing.  Wal. Defs.' Objs. at 21–22.

Unlike the ADA and NYCHRL, NYSHRL does not recognize a request for accommodation as a protected activity.  *Witchard v. Montefiore Med. Center*, 103 A.D.3d 596, 596 (1st Dep't 2013).  Plaintiff calls many actions that she took between 2019 and 2022 "protected activities" throughout the TAC and her Opposition, but she has not adequately alleged any other protected activity that is timely, recognized under NYSHRL, and that led to an adverse employment action.  *See* Wal. Defs.' Resp. to Pl.'s Objs. to R&R, Dkt. 251 at 8 (citing a lack of "clarity as to what timely 'protected activity' led to any timely adverse employment action").  Thus, and because a request for accommodation does not qualify under NYSHRL, Defendants' Motion to Dismiss Count VIII must be granted.

In short, the Walgreens Defendants' Motion to Dismiss is denied as to Counts XVII and XIX but granted as to Count XVIII.

### IX.    Defendants' Rule 12(b)(6) Motion to Dismiss Counts XX, XXI, and XXII (Hostile Work Environment) Is Denied

Counts XX, XXI, and XXII allege hostile work environment claims against Walgreens under NYSHRL, NYCHRL, and the ADA, respectively.  TAC ¶¶ 641–665.  Plaintiff alleges that she was subject to ongoing harassment, which was exacerbated by Defendants' awareness of her

20

protected characteristic. *Id.* ¶¶ 59, 166, 315, 201. The Walgreens Defendants argue that the alleged actions are nothing more than isolated incidents and nothing indicates that they were because of a protected characteristic. Wal. Defs.' Mot. at 14–15.

Hostile work environment claims require allegations of repeated conduct, not discrete acts. *Davis-Garett v. Urb. Outfitters, Inc.*, 921 F.3d 30, 42 (2d Cir. 2019) (citing *Morgan*, 536 U.S. at 115). Under the ADA, Plaintiff must show that the workplace was, because of her protected characteristic, objectively hostile and abusive. *Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, 767 F. App'x 123, 128 (2d Cir. 2019). In contrast, under NYCHRL and NYSHRL, "a plaintiff need not establish that the conduct was severe or pervasive, only that she has been treated less well than other employees because of a protected characteristic." *McSweeney*, 776 F. Supp. 3d at 246. The alleged mistreatment must be more than "petty slights and trivial inconveniences" or "mere personality conflicts." *Marseille v. Mount Sinai Hosp.*, No. 21-2140, 2022 WL 14700981, at *2 (2d Cir. Oct. 26, 2022) (quoting *Bilitch v. N.Y.C. Health & Hosps. Corp.*, 194 A.D.3d 999, 1003 (2d Dep't 2021)).

Plaintiff has adequately alleged a pattern of hostile conduct (and as follows, that she was treated less well) in part due to her protected characteristic. Plaintiff specifically alleges a pattern of her supervisors making derogatory remarks, setting unrealistic expectations, spreading rumors, and denying her bathroom breaks and access to food. *See, e.g.*, TAC ¶¶ 50, 52, 60, 61, 69–70, 79, 107, 111. While not every action in the TAC is necessarily timely or plausibly tied to her protected characteristic, Plaintiff has sufficiently alleged repeated hostile conduct toward her based on her needs arising from her protected characteristic. *See Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003) (denying motion to dismiss ADA hostile work environment claim, noting that the Second Circuit has "cautioned against setting the bar too high" at the motion to

21

dismiss stage). Thus, Plaintiff has adequately alleged that she was (1) subject to an objectively hostile and abusive work environment and (2) treated less well than other employees, at least in part because of her protected characteristic.

The Walgreens Defendants' Motion to Dismiss Counts XX, XXI, and XXII is denied.

## X.      Plaintiff Is Granted Leave to Amend Count XVIII Only

For the reasons discussed in Section VIII above, Defendants' Motion to Dismiss Count XVIII is granted. *See supra* at 19–20. Plaintiff is, however, granted leave to amend Count XVIII (and only Count XVIII), pertaining to retaliation under NYSHRL. She may be able to allege facts to state a plausible claim for relief, should she seek to do so. *See* R&R at 47–48; *see also* Pl.'s Objs. at 21–26; *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (quoting *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)) (*pro se* litigants "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim"). Although the Court recognizes that much ink has been spilled over the course of these pleadings, Defendants' characterization of leave to amend as giving Plaintiff "infinite attempts" to state a claim is not accurate. Wal. Defs.' Objs. at 24. This is a limited opportunity to replead specific facts where a plausible claim may exist. Any prejudice to Defendants is limited and is a necessary trade-off given Plaintiff's status as a *pro se* litigant to ensure that the relevant facts are brought before the Court.

## CONCLUSION

For the foregoing reasons, the R&R is adopted in full and Defendants' Motions to Dismiss Plaintiff's Third Amended Complaint are GRANTED in part and DENIED in part. The Walgreens Defendants' Motion to Dismiss pursuant to Rule 8 is DENIED. The Walgreens Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is GRANTED as to Counts I, III, IV,

V, XII, XIII, and XVIII and DENIED as to Counts II, VI, VII, VIII, IX[7], X, XI, XIV, XV, XVI, XVII, XIX, XX, XXI, and XXII.  Sedgwick's Motion to Dismiss pursuant to Rule 12(b)(6) is GRANTED on all counts except Count II, as to which it is DENIED.  All counts that are being dismissed are dismissed with prejudice except Count XVIII, which is dismissed without prejudice and with leave to amend.  The Clerk of the Court is respectfully directed to close the open Motions at Dkts. 178 and 181.

Plaintiff's request to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d) for statutory penalties under ERISA § 502(c) is referred to Judge Aaron.  Letter, Dkt. 244.  Once that is decided, Plaintiff will be permitted to file her Fourth Amended Complaint, but she may only amend Count XVIII (and, if she is granted leave by Judge Aaron, she may add claims for statutory penalties under ERISA § 502(c)).

**No later than April 24, 2026**, the parties must meet and confer and file a letter to the Court stating whether they are interested in a settlement conference at this juncture.

**SO ORDERED.**

Date:  **March 31, 2026**
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[7]     Count IX may proceed only as to claims against Walgreens that accrued after February 12, 2022.