

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/29/2026

---

ESMIRALDA KONYUKHOVA,

        Plaintiff,

v.

WALGREEN COMPANY d/b/a WALGREENS,
SEDGWICK CLAIMS MANAGEMENT SERVICES,
WALGREENS COMPANY PAID DISABILITY
PLAN FOR SALARIED TEAM MEMBERS,
PHARMACISTS, AND PARAPROFESSIONALS,
WALGREEN HEALTH AND WELFARE PLAN,
AND WALGREENS HEALTH &WELFARE PLAN
COMMITTEE

        Defendants.

Civil Action No. 1:24-cv-04390-
VEC-SDA

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR STAUTORY PENALTIES, OR ALTERNATIVELY, PERMIT PLAINTIFF FILING OF A MOTION SEEKING STATUTORY PENALTIES UNDER ERISA § 502(c).**

Plaintiff, Esmiralda Konyukhova, hereby respectfully submits this Memorandum of Law in Support of its Motion for Reconsideration of the Court's denial of Plaintiff's motion for statutory penalties under ERISA § 502 (c), pursuant to Fed. R. Civ. P. 60(b)(6) ("Rule 60(b)(6)"), and Local Civil Rule 6.3b ("Rule 6.3b"), or alternatively, permit Plaintiff to seek statutory penalties under ERISA § 502(c) by motion through miscellaneous relief, without requiring supplementation of the pleadings pursuant to Rule 15(d).

## I.    INTRODUCTION

Plaintiff respectfully moves for an order permitting Plaintiff to seek statutory penalties

under ERISA § 502(c) by motion, rather than through a supplemental pleading pursuant to Rule 15(d). Plaintiff submits that such relief is procedurally proper and consistent with the nature of ERISA § 502(c), which authorizes statutory penalties for post-request noncompliance without requiring the assertion of a new substantive cause of action through amendment or supplementation of the pleadings.

Plaintiff's prior motion for statutory penalties (ECF No. 264) was filed in good faith and based on a reasonable interpretation of the Court's April 1, 2026 Order. The Court's directive permitted Plaintiff to file a "formal motion for the relief requested," supported by a memorandum of law and declaration, but did not expressly require submission of a proposed supplemental complaint. Plaintiff reasonably understood that directive to authorize a motion seeking statutory penalties directly.

Accordingly, Plaintiff respectfully requests that the Court permit Plaintiff to proceed by motion for statutory penalties.

## II.    BACKGROUND

On February 25, 2026, Plaintiff requested leave pursuant to Rule 15(d) to file a supplemental complaint asserting a claim for statutory penalties under ERISA § 502(c). (ECF No. 244.)

On March 31, 2026, the Court referred that request to the Magistrate Judge, noting that Plaintiff "may add claims for statutory penalties" if leave is granted. (ECF No. 253.)

On April 1, 2026, the Court denied Plaintiff's initial request without prejudice and directed that, no later than April 15, 2026, Plaintiff "may file a formal motion for the relief requested, supported by an affidavit or declaration, as well as a memorandum of law." (ECF No. 254.) The Order did not expressly require submission of a proposed supplemental complaint.

Plaintiff reasonably interpreted this directive to authorize a motion seeking statutory penalties directly, particularly given that the relief sought—ERISA § 502(c) penalties—constitutes a statutory remedy rather than a new theory of liability requiring amendment of the pleadings.

On April 15, 2026, Plaintiff filed a motion for statutory penalties under ERISA § 502(c), supported by a declaration and a memorandum of law. (ECF Nos. 264-266.) Plaintiff understood "the relief requested" to refer to statutory penalties under ERISA § 502(c), and the filings were made in good faith.

On April 24, 2026, the Court denied that motion without prejudice and struck the filing, stating that it had been made without the Court's leave and referring the issue of whether to extend Plaintiff's time to seek leave to file a supplemental complaint. (ECF No. 269.)

### III.    ARGUMENT

#### A.  ERISA § 502(c) PENALTIES MAY BE SOUGHT BY MOTION WITHOUT REQUIRING SUPPLEMENTAL PLEADING.

ERISA § 502(c) provides a statutory mechanism for imposing penalties where a plan administrator fails to comply with document disclosure obligations. The statute authorizes the Court, in its discretion, to impose penalties based on the administrator's conduct following a request.

Because § 502(c) penalties arise from post-request conduct and are discretionary remedies imposed by the Court, they are properly addressed through motion practice rather than requiring the assertion of a new substantive claim through amendment or supplementation.

Requiring Plaintiff to file a supplemental complaint to assert ERISA § 502(c) penalties would unnecessarily expand the operative pleading, delay resolution of a discrete statutory issue, and impose additional procedural steps without substantive benefit.

Where the relevant facts are already documented and the issue is ripe for adjudication, resolution through motion practice promotes judicial efficiency and avoids unnecessary complication of the pleadings.

Plaintiff acted in good faith and no prejudice will result to Defendants from permitting Plaintiff to proceed, whether by motion or through supplementation.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its April 24, 2026 Order denying Plaintiff's motion for statutory penalties. In the alternative, Plaintiff requests that the Court permit Plaintiff to seek ERISA § 502(c) statutory penalties by motion through miscellaneous relief.


Dated:  April 28, 2026

Plaintiff's application to seek ERISA § 502(c) statutory penalties via separate motion rather than an amended complaint is DENIED.

The Court understands that Plaintiff misinterpreted Judge Aaron's Order at Dkt. 254 and made the prior filings at Dkts. 264–266 in good faith.  Nonetheless, Plaintiff was not permitted to file a substantive motion for ERISA § 502(c) statutory penalties, so these filings were properly struck.  Judge Aaron will direct Plaintiff regarding whether he will extend the deadline for her to file for leave to amend the complaint and add a claim for ERISA § 502(c) statutory penalties.  If allowed, a proper filing would do, via a formal motion (i.e., with an affidavit or declaration, as well as a memorandum of law) what Plaintiff's letter motion at Dkt. 244 sought to do.

SO ORDERED.                                4/29/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Respectfully Submitted,

Esmiralda Konyukhova, PharmD

By:    /s/ Esmiralda Konyukhova
       Esmiralda Konyukhova
       Plaintiff, In *Pro Se*

       51 Morris Dr
       Old Bridge, NJ 08857
       Phone (917) 359-4741
       Esmiralda.Konyukhova@gmail.com