**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Esmiralda Konyukhova,**

**Plaintiff,**

**-against-**

**Walgreen Company, et al.,**

**Defendants.**

**1:24-cv-04390 (VEC) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is a motion by *pro se* Plaintiff Esmiralda Konyukhova ("Plaintiff" or "Konyukhova"), pursuant to Rule 60 of the Federal Rules of Civil Procedure[1] and Local Civil Rule 6.3,[2] for reconsideration of this Court's Opinion and Order, dated August 18, 2026, denying Plaintiff leave to file a Fourth Amended and Supplemental Complaint (8/18/26 Op. & Order, ECF No. 305) against Defendants Walgreen Company d/b/a Walgreens ("Walgreens"), Walgreens Company Paid Disability Plan for Salaried Team Members, Pharmacists and Paraprofessionals (the "Plan"), Walgreen Health and Welfare Plan (the "Welfare Plan") and Walgreens Health & Welfare Plan Committee (the "Welfare Plan Committee") (collectively, the "Walgreens

[1] Plaintiff's notice of motion refers to Rule 60(b)(6), but Rule 60(b) only applies to a "final judgment, order, or proceeding." *See* Fed. R. Civ. P. 60(b). It does not apply to interlocutory orders, like the August 18, 2026 Opinion and Order. *See Fennell v. TLB Kent Co.*, 865 F.2d 498, 501 (2d Cir. 1989). Thus, the undersigned construes Plaintiff's motion as having been made under Rule 60(a), which is the section of Rule 60 that can apply to interlocutory orders. *See* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.").

[2] Plaintiff's notice of motion refers to Local Civil Rule "6.3b," which does not exist. Thus, the undersigned construes Plaintiff's motion as having been made under Local Civil Rule 6.3, to which Plaintiff herself refers in her reply memoranda. (*See*, *e.g.*, Pl.'s 10/5/26 Walgreens Reply, ECF No. 321, at 1; Pl.'s 10/5/26 Sedgwick Reply, ECF No. 322, at 2.)

Defendants") and Sedgwick Claims Management Services, Inc. ("Sedgwick") (together with the Walgreens Defendants, the "Defendants"). (Pl's. 8/31/26 Not. of Mot., ECF No. 309.) For the reasons set forth below, Plaintiff's motion is DENIED.

**BACKGROUND**

The Court assumes familiarity with the factual background and earlier procedural history of this case, as set forth in the most recent Report and Recommendation ("R&R") and the Order adopting it, *see Konyukhova v. Walgreen Company*, *et al.*, No. 24-CV-04390 (VEC) (SDA), 2026 WL 1024121, at *1-3 (S.D.N.Y. Feb. 3, 2026), *report and recommendation adopted*, 2026 WL 880381, at *1-2 (S.D.N.Y. Mar. 31, 2026), as well as the Court's Opinion and Order denying Plaintiff's motion for leave to file a Fourth Amended and Supplemental Complaint (*see* 8/18/26 Op. & Order) that is the subject of the instant motion.

In the Opinion and Order, dated March 31, 2026, Judge Caproni dismissed the following claims pled against the Walgreens Defendants in Plaintiff's Third Amended Complaint ("TAC"), with prejudice and without leave to amend: Counts I (ERISA § 502(a)(1)(B)); Counts III, IV and V (ERISA § 510); Count XII (failure to engage in an interactive process under the Americans with Disabilities Act ("ADA")); and Count XIII (failure to engage in an interactive process under the NYSHRL). *See Konyukhova*, 2026 WL 880381, at *11. Judge Caproni also dismissed all claims pled against Sedgwick in the TAC with prejudice, except for Count II (ERISA § 502(a)(3)). *See id*. Judge Caproni granted Plaintiff "leave to amend Count XVIII (and only Count XVIII), pertaining to retaliation under NYSHRL." *Id*. In addition, "Plaintiff's request to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d) for statutory penalties under ERISA § 502(c) [was] referred to [the undersigned]." *Id*.

On May 14, 2026, Plaintiff filed a motion for leave to file a Fourth Amended Complaint ("4AC") against the Defendants. (*See* Pl's. 5/14/26 Mot., ECF No. 286.) In the proposed 4AC, Plaintiff included the two claims she was permitted to raise by Judge Caproni's Order (*i.e*., the NYSHRL retaliation claim and the ERISA § 502(c) claim), as well as a claim under Section 215 of the New York Labor Law ("NYLL") and numerous claims that previously were dismissed with prejudice. (*See* 4AC, ECF No. 289, 290 (redacted), ECF No. 294 (under seal), ¶¶ 506-728.)

On August 18, 2026, the undersigned issued the Opinion and Order denying Plaintiff leave to file the proposed 4AC and directing that the case proceed on those claims remaining in the case as they are pled in the TAC.[3] (*See* 8/18/26 Op. & Order at 15.) On August 31, 2026, Plaintiff filed the motion now before the Court for reconsideration of the undersigned's August 18, 2026 Opinion and Order.[4] (*See* Pl's. 8/31/26 Not. of Mot.; *see also* Pl.'s 8/31/26 Mem., ECF No. 310). On September 14, 2026, the Walgreens Defendants and Sedgwick filed their opposition papers. (*See* Walgreens Mem., ECF No. 313; Sedgwick Mem., ECF No. 314.) On October 5, 2026, Plaintiff filed her reply memoranda. (*See* Pl.'s 10/5/26 Walgreens Reply; Pl.'s 10/5/26 Sedgwick Reply.)

---

[3] In the August 18, 2026 Opinion and Order, the undersigned acknowledged the motion pending before Judge Caproni for reconsideration of the March 31, 2026 Opinion and Order. (*See* 8/18/26 Op. & Order at 15 n.8.)

[4] Also on August 31, 2026, Plaintiff filed objections to the August 18, 2026 Opinion and Order, pursuant to Rule 72 of the Federal Rules of Civil Procedure. (*See* Pl.'s 8/31/06 Objs., ECF No. 308.) By Order, dated September 1, 2026, Defendants' deadline to respond to Plaintiff's objections was stayed pending a decision on the instant motion for reconsideration. (*See* 9/1/26 Order, ECF No. 311.)

**DISCUSSION**

Plaintiff brings the instant motion pursuant to Rule 60 of the Federal Rules of Civil Procedure and Local Civil Rule 6.3. (*See* Pl.'s 8/31/26 Not. of Mot.) The Court first considers the relevant legal standards and then applies those standards.

**LEGAL STANDARDS**

"Rule 60(a) allows for the correction of clerical mistakes, oversights, and omissions in order to 'implement the result intended by the court at the time [an] order was entered.'" *Weiming Chen v. Ying-Jeou Ma*, 595 F. App'x 79, 80 (2d Cir. 2015) (quoting *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150 (2d Cir. 1999)). "However, a court acting pursuant to Rule 60(a) may not make 'changes that alter the original meaning [of an order] to correct a legal or factual error.'" *Id*. (quoting *Rezzonico*, 182 F.3d at 151).

Motions for reconsideration are governed by Local Civil Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." S.D.N.Y. Local Civ. R. 6.3. "[A] party may move for reconsideration and obtain relief only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*. (quoting *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019)).

**APPLICATION**

First, Plaintiff has not identified any oversight or omission in the August 18, 2026 Opinion and Order that needs to be corrected. Thus, Plaintiff is not entitled to relief under Rule 60(a).[5]

Second, Plaintiff has not met the strict standard applicable to motions for reconsideration with respect to any of the claims addressed in the August 18, 2026 Opinion and Order. With respect to her NYSHRL retaliation claim, Plaintiff contends that the Court overlooked the "documented complaints" that she made on January 9, 2022 and January 22, 2022. (Pl.'s 8/31/26 Mem. at 1-2.) This simply is not true. The undersigned expressly addressed those very "documented complaints" in the August 18, 2026 Opinion and Order.[6] (*See* 8/18/26 Op. & Order at 5-6.) Moreover, Plaintiff raises no controlling decisions that she contends were overlooked with respect to her NYSHRL retaliation claim. Thus, there is no basis for reconsideration.

With respect to her ERISA § 502(c) claims, Plaintiff raises no controlling decision or data that she contends were overlooked. Rather, Plaintiff points to errors that she believes were made by the undersigned with respect to the ruling on such claim. (*See* Pl.'s 8/31/26 Mem. at 8-12; *see also* Pl.'s 10/5/26 Walgreens Reply at 11 (setting forth how "[t]he Court erred" with respect to ERISA § 502(c) claim against Walgreens); Pl.'s 10/5/26 Sedgwick Reply at 1 ("Plaintiff asks the Court to correct the identified errors in its application of existing law . . .").) Since the undersigned finds no clear error with respect to any aspect of the August 18, 2026 Opinion and Order, a

[5] As noted earlier, Rule 60(b) is inapplicable. *See* footnote 1, *supra*.

[6] Plaintiff's disagreement with the undersigned's ruling regarding the NYSHRL retaliation claim, including with respect to the 2025 amendment to the NYSHRL (*see* Pl.'s 8/31/26 Mem. at 4-6), will be addressed by Judge Caproni in the context of her ruling on Plaintiff's objections to the August 18, 2026 Opinion and Order.

reconsideration motion is not the proper procedural device to raise what Plaintiff perceives to be errors in such Opinion and Order. *Cf. Wultz v. Bank of China Ltd.*, 291 F.R.D. 42, 45 (S.D.N.Y. 2013) ("[A] motion for reconsideration is not a substitute for [an] appeal."). Rather, any such purported errors shall be addressed by Judge Caproni in the context of her ruling on Plaintiff's objections to the Opinion and Order.

With respect to Plaintiff's NYLL § 215 claim, the undersigned principally ruled that Plaintiff had exceeded the scope of the permission granted by Judge Caproni by alleging such claim in the 4AC. (*See* 8/18/26 Op. & Order at 14 (citing *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012)).). Plaintiff raises no controlling decision or data that she contends were overlooked in connection with this ruling. Thus, there is no basis to reconsider such ruling.[7]

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration (ECF No. 309) is DENIED.

Dated: October 15, 2026
New York, New York

Stewart d. Aaron

**STEWART D. AARON**
**United States Magistrate Judge**

[7] Plaintiff's request in her moving memorandum of law for the Court to "certify the issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b)" (Pl.'s 8/31/26 Mem. at 12) must be addressed to Judge Caproni, and not the undersigned.